Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| TIDAL BASIN CARIBE, LLC<br><br>Recurrente<br><br>v.<br><br>JUNTA DE SUBASTAS DEL DEPARTAMENTO DE LA VIVIENDA DE PUERTO RICO; DEPARTMENTO DE LA VIVIENDA DE PUERTO RICO<br><br>Recurrido<br><br>v.<br><br>INNOVATIVE EMERGENCY MANAGEMENT, INC.; TETRA TECH, INC.; CUSTOM GROUP, LLC<br><br>Proponentes-Seleccionados<br><br>BMA GROUP, PLEXOS GROUP, LLC, FAMILY ENDEAVORS, INC., CSA ARCHITECTS & ENGINEERS, LLP<br><br>Proponentes | KLRA202400446 | *REVISIÓN ADMINISTRATIVA* procedente de la Junta de Subastas del Departamento de la Vivienda de Puerto Rico<br><br>Sobre: Impugnación de Adjudicación de Subasta sobre Requerimiento de Propuestas No. CDBG-DRMIT-RFP-2023-05, "Program Management Services related to the CEWRI-HH and CEWRI-DR" |

Panel integrado por su presidente, el juez Bermúdez Torres, el juez Adames Soto y la juez Aldebol Mora.

Aldebol Mora, Juez Ponente

# SENTENCIA

En San Juan, Puerto Rico, a 30 de agosto de 2024.

Comparece ante nos la parte recurrente, Tidal Basin Caribe, LLC, y nos solicita la revisión y revocación del Aviso de Adjudicación (*Notice of Award*) emitido por el Departamento de la Vivienda de Puerto Rico el 22 de julio de 2024, notificada al día siguiente. Mediante el mismo, el referido organismo notificó la adjudicación del requerimiento de propuestas a favor de Innovative Emergency Management, Inc. y Tetra Tech, Inc.

Número Identificador

SEN2024 _____

Junto a su recurso, la parte recurrente presentó una *Moción Urgente en Auxilio de Jurisdicción,* la cual declaramos Ha Lugar mediante *Resolución* del 12 de agosto de 2024.

Por los fundamentos que expondremos a continuación, se deja sin efecto la paralización de los procedimientos y se desestima el presente recurso por falta de jurisdicción.

**I**

El 29 de agosto de 2023, el Departamento de la Vivienda de Puerto Rico (Departamento de la Vivienda o recurrido) publicó un *Request for Proposals No. CDBG-DRMIT-RFP-2023-05* para el *Program Management Services under Community Development Block Grant – Disaster Recovery* (CDBG-DR) y el *Program and Community Development Block Grant Mitigation* (CDBG-MIT).[1] Conforme surge de los documentos de autos, la Junta de Subastas del Departamento de la Vivienda (Junta) recibió propuestas por BMA Group; Plexos Group, LLC; Tetra Tech, Inc.; Innovative Emergency Management, Inc.; Family Endeavors, Inc., dba Endeavors; CSA Architects & Engineers, LLP; Custom Group, LLC; y Tidal Basin Caribe, LLC (recurrente), en calidad de proponentes.[2]

Evaluadas las propuestas, el 6 de febrero de 2024, la Junta emitió un *Notice of Award* a favor de Innovative Emergency Management, Inc. y Tetra Tech, Inc.[3] Indicó que los detalles de los nombres, direcciones y la información de contacto de todos los proponentes que presentaron una propuesta en respuesta al *request for proposal* se encontraban en el Exhibit II (*Bid Board Resolution*), el cual, según indicó, formaba parte integral del *Notice of Award* recurrido. El contenido de la referida misiva, en lo pertinente, incluía lo siguiente:

The following proposers were deemed Not Qualified:

---

[1] Apéndice del recurso, págs. 16-115, 1534-1559, 1678-1840.
[2] Íd., págs. 423-1129.
[3] Íd., págs. 3021-3028.

1. BMA Group (BMA) – The proposer was ranked as Not Qualified. BMA Group passed the submission requirements evaluation for this RFP. As a result of the evaluation performed, the Proposer received a rating of Excellent in the critical criterion of professional qualifications and the experience of the proposer to successfully perform the services required. The Proposer received a rating of Fair for the critical criteria of professional qualifications and specialized experience of the proposed key staff; and the quality of the proposed approach and its relevance to the services described in this RFP. For the important criterion of the capacity of the key staff and the ability to commit adequate time to effectively perform the services in the role assigned within the required timeframe, BMA received a Fair rating as well. Given that BMA Group received two ratings of Fair in critical criteria, it was ranked as Not Qualified as instructed in the RFP.

2. Plexos Group[,] LLC (Plexos) was ranked as Not Qualified by the EC. The Proposer passed the submission requirements evaluation for this RFP. Plexos received a rating of Excellent for the critical criteria of the professional qualifications and experience of the Proposer to successfully perform the services required, and the quality of the proposed work approach and its relevance to the services requested. In the important criterion of the capacity of the key staff and the ability to commit adequate time to effectively perform the services in the role assigned within the required timeframe, the Proposer received a rating of Excellent as well. Regarding the critical criterion of the professional qualifications and specialized experience of the proposed key staff this Proposer obtained a rating of Fair. Having Plexos obtained a rating of Fair in a critical criterion, the EC ranked Plexos as Not Qualified.

3. Family Endeavors, Inc., dba Endeavors (Family Endeavors) – was ranked as Not Qualified. Family Endeavors passed the submission requirements evaluation for this RFP. As a result of the evaluation performed, the Proposer received a rating of Fair in the first criterion of professional qualifications and the experience of the proposer to successfully perform the services required, as well as for the second criterion of professional qualifications and specialized experience of the proposed key staff. In the third criterion of quality of the proposed approach and its relevance to the services described in this RFP Family Endeavors received a rating of Fair. For the fourth criterion of capacity of the key staff and the ability to commit adequate time to effectively perform the services in the role assigned within the required timeframe, the Proposer received a rating of Good. Given that, Family Endeavors received ratings of Fair in all critical criteria, it was ranked as Not Qualified by the EC.

4. CSA Architects & Engineers, LLP (CSA) was ranked as Not Qualified. CSA passed the submission requirements evaluation for this RFP. As a result of the evaluation performed, the Proposer received a rating of Excellent in the critical criterion of professional qualifications and the experience of the proposer to successfully perform the services required. In the important criterion regarding the capacity of the key staff and the ability to commit adequate time to effectively perform the services in the

role assigned within the required timeframe, the Proposer received a rating of Excellent. CSA received a rating of Fair in the critical criterion of professional qualifications and specialized experience of the proposed key staff. In the critical criterion of quality of the proposed approach and its relevance to the services described in this RFP, the Proposer received a rating of Good. For all the reasons above, having received a rating of Fair in one critical criterion, CSA was ranked as Not Qualified by the EC.

5. Tidal Basin Caribe[,] LLC (TBC) was ranked as Not Qualified. TBC passed the submission requirements evaluation for this RFP. As a result of the evaluation performed, the Proposer received a rating of Excellent in the critical criterion of professional qualifications and the experience of the proposer; and for the quality of the proposed approach and its relevance to the services described in this RFP. For the fourth criterion regarding the capacity of the key staff and the ability to commit adequate time to effectively perform the services, the Proposer received rating of Good in this criterion. Regardless, the second criterion of professional qualifications and specialized experience of the proposed key staff TBC received a rating of Fair. Therefore, the EC ranked TBC as Not Qualified.

The following proposers were deemed Highly Qualified:

1. Innovative Emergency Management, Inc. (IEM) was ranked as Highly Qualified. IEM passed the submission requirements evaluation for this RFP. As a result of the evaluation performed, the Proposer received a rating of Excellent in the critical criterion of professional qualifications and the experience of the proposer to successfully perform the services required, as well as in the second criterion of professional qualifications and specialized experience of the proposed key staff. In the third criterion of quality of the proposed approach and its relevance to the services described in this RFP, IEM also received a rating of Excellent. For the important criterion of capacity of the key staff and the ability to commit adequate time to effectively perform the services in the role assigned within the required timeframe, the Proposer received a rating of Excellent.

   In terms of the Section 3 Business concern and MBE/WBE, IEM didn't submit evidence accreditive of been a Section 3 business but did present evidence of been a MWBE enterprise. Hence, MWBE preference was given by the EC. Therefore, the EC ranked IEM as Highly Qualified.

2. Tetra Tech, Inc[.] (Tetra Tech) was ranked as Highly Qualified. The Proposer passed the submission requirements evaluation for this RFP. Tetra Tech received a rating of Excellent for the critical criteria of the professional qualifications and experience of the Proposer to successfully perform the services required, and for the important criterion regarding the capacity of the key staff and the ability to commit adequate time to effectively perform the services in the role assigned within the required timeframe. Regarding the critical criteria of the professional qualifications and specialized experience of the proposed key staff and the quality of the proposed approach and its relevance to the services, this Proposer obtained a rating of Good.

In terms of the Section 3 Business concern and MBE/WBE, Tetra Tech did not submitted *[sic]* the documentation required, consequently, it was not conceded any preference to this proposer. For all the reasons above, and as per section 10.3.3 of the RFP Tetra Tech was ranked as Highly Qualified.

3. Custom Group, LLC (Custom Group) was ranked as Highly Qualified. The Proposer passed the submission requirements evaluation for this RFP. As a result of the evaluation completed by the EC, the Proposer received a rating of Excellent for the critical criterion of quality of the proposed approach and its relevance to the services described in this RFP. For the important criterion of capacity of the key staff and the ability to commit adequate time to effectively perform the services in the role assigned within the required timeframe, Custom Group received a rating of Excellent as well. Custom Group received a rating of Good in the critical criterion of professional qualifications and specialized experience of the proposed key staff. Lastly, Custom received a rating of Good for the critical criterion of professional qualifications and experience of the Proposer to successfully perform the services required.

In terms of the Section 3 Business concern and MBE/WBE, Custom Group didn't submit evidence accreditive of been a Section 3 or WBE business. However, the Proposer did present evidence accreditive of been an MBE enterprise, hence, MBE preference was given by the EC. Given all of the above, Custom Group was considered as Highly Qualified as identified in the RFP.

[…].[4]

La Junta expresó que la adjudicación se otorgó a los proponentes responsables, cuyos enfoques técnicos del proyecto, calificaciones, precios, entre otros factores considerados, resultaron en el más ventajoso para el Departamento de la Vivienda, siempre y cuando el costo sea razonable según los métodos identificados en el Manual de Adquisiciones para los Programas CDBG-DR, CDBG-MIT y CDBG Estatal, Reglamento Núm. 9506 de 25 de septiembre de 2023.

Inconforme, el 26 de febrero de 2024, la parte recurrente instó un recurso de revisión judicial ante este Foro apelativo, con nomenclatura KLRA202400099.[5] Luego de varios trámites procesales,[6] el 24 de mayo de 2024, notificada el 28 del mismo mes

---

[4] Apéndice del recurso, págs. 3022-3025. (Énfasis omitido).
[5] Íd., págs. 3390-3441.
[6] Íd., págs. 3442-3630.

y año, este panel emitió una *Sentencia* mediante la cual desestimó el recurso por falta de jurisdicción por notificación defectuosa.[7] En síntesis, resolvió que no concurrían las exigencias reconocidas por nuestro ordenamiento jurídico para legitimar la oponibilidad del *Notice of Award*, específicamente por la ausencia total de expresión relativa al derecho a reconsideración consagrado en la Sección 3.19 de la *Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico*, Ley Núm. 38-2017, 3 LPRA sec. 2165 (LPAU), así como el derecho a una revisión administrativa ante la Junta Revisora de la Administración de Servicios Generales, entre otras deficiencias.

Así las cosas, el 22 de julio de 2024, notificada al día siguiente, la Junta emitió el *Notice of Award* que nos ocupa, a favor de Innovative Emergency Management, Inc. y Tetra Tech, Inc.[8] En esencia, reprodujo el aviso de adjudicación anterior, con excepción de la siguiente salvedad añadida al final de la determinación:

> The award hereby notified is made pursuant to Judgement KLRA202400099 by the Court of Appeals of Puerto Rico, issued on May 24, 2024, applicable to the parties of the case. As stated in the referenced Judgement, "the total absence of expression regarding the right to reconsideration enshrined in Section 3.19 of the LPAU, supra, as well as the right to an administrative review before the General Services Administration Review Board, constitute a defect of a substantive nature that deprives the appellant of questioning the correctness of the administrative work carried out."

> The Notice of Award shall indicate that any party that considers itself to have been adversely affected in this public Bid or Request for Proposals may file an Administrative Review before the Bid Review Board of the General Service Administration within ten (10) days from the date on which a copy of the Notice of Award was duly notified, as set forth in Section 3.19 of Act 38-2017 before February 19, 2024, as amended, known as Uniform Administrative Procedures Act of the Government of Puerto Rico. See also, Act No. 201-2003, as amended, known as the Judiciary Act of the Commonwealth of Puerto Rico of 2003, 4 LPRA § 24 et seq.

---

[7] Apéndice del recurso, págs. 3631-3651.
[8] Íd., págs. 3691-3699.

It is important to clarify that nothing herein provided shall modify the Procurement Manual, Regulation 9506, on any of its sections.

The mere filing of a judicial review compliant to section 4.2 of Act 38-2017, as amended, will not have the effect of halting the contested award.[9]

[...]

Insatisfecha, el 12 de agosto de 2024, la parte recurrente compareció ante nos mediante el presente recurso de revisión judicial. En el mismo, propuso los siguientes señalamientos de error:

El Aviso de Adjudicación incumple con la *Sentencia* de este Foro en [el] KLRA202400099 y todavía contiene defectos insubsanables que violan el debido proceso de ley de Tidal Basin, y de las demás compañías licitadoras no agraciadas, y que hacen que dicha notificación sea ineficaz.

Erró y abusó de su discreción Vivienda y su Junta de Subastas al no permitirle a la peticionaria acceso a la totalidad del expediente administrativo, actuación constitutiva de una violación al debido proceso de ley y a su derecho de acceso a la información que impacta adversamente su derecho a una adecuada revisión judicial.

Erró y abusó de su discreción la Junta de Subastas y Vivienda al descalificar a Tidal Basin por entender que el personal clave ("Key Staff") propuesto por [e]sta no cumplía con el requisito de cualificaciones profesionales y conocimiento especializado establecido en el RFP-2023-05.

(i) Erró y abusó de su discreción Vivienda y la Junta de Subastas al utilizar un procedimiento de evaluación de propuestas ambiguo, impreciso, ininteligible y que no guardó relación con lo anticipado en el RFP[-]2023-05.

Erró y abusó de su discreción Vivienda y su Junta de Subastas al no seleccionar al licitador que más cercano estuvo al costo estimado independiente (ICE), Tidal Basin, según fue establecido por la propia Junta de Subastas.

Junto a su recurso, la parte recurrente presentó una *Moción Urgente en Auxilio de Jurisdicción,* la cual declaramos Ha Lugar mediante *Resolución* del 12 de agosto de 2024.

---

[9] Apéndice del recurso, págs. 3698-3699.

Por otro lado, mediante el referido dictamen, le concedimos un término a la parte recurrida para que mostrara causa por la cual no debíamos desestimar el recurso por falta de jurisdicción por notificación defectuosa.

Pendiente lo anterior, el 21 de agosto de 2024, la parte recurrente presentó una *Urgente Moción Informativa y en Solicitud de Orden.* Indicó que, el mismo día en que incoó la presente revisión judicial, la parte recurrida notificó a los proponentes un tercer aviso de adjudicación. Argumentó que dicha actuación se realizó sin jurisdicción y que fue un intento fallido de la agencia para subsanar las deficiencias que, según adujo, aún persistían. Sostuvo que dicha notificación era improcedente y debía rechazarse sin trámite ulterior. En virtud de ello, solicitó que el tercer aviso de adjudicación notificado por el organismo administrativo recurrido se declarara inoficioso, por carecer de jurisdicción para emitirlo, y que se extendiera la orden de paralización dictada por este Foro apelativo el 12 de agosto de 2024, para abarcar cualquier procedimiento paralelo que estuviera vigente o que se pudiera presentar ante la Junta Revisora de la Administración de Servicios Generales.

Por su parte, el 23 de agosto de 2024, Innovative Emergency Management, LLC compareció mediante *Oposición a Recurso de Revisión Judicial.* En esencia, alegó que este Tribunal de Apelaciones ya había determinado que la falta de advertencia clara y específica en cuanto al derecho que asiste a los proponentes a recurrir en reconsideración a la Junta Revisora de la Administración de Servicios Generales constituía un defecto sustantivo y ordenó su inclusión en el aviso de adjudicación enmendado. Expuso que ello era la ley del caso y constituía cosa juzgada. Detalló que, argumentar ahora que la Administración de Servicios Generales carece de jurisdicción por la naturaleza de los servicios objeto del *request for proposal* en cuestión, era una postura inconsistente con

lo alegado por la parte recurrente en el procedimiento judicial ante este Foro apelativo. Sostuvo que la notificación defectuosa del *Notice of Award* carecía de fundamento bajo la doctrina de la ley del caso, toda vez que la parte recurrente estaba legalmente impedida de presentar argumentos contradictorios en el mismo proceso con respecto a cuestiones que habían sido resueltas por esta Curia mediante una sentencia que advino final y firme. Puntualizó que los servicios objeto del RFP-2023-005 eran los mismos que hacía siete (7) meses, por lo que los argumentos de la parte recurrente relacionados con la notificación defectuosa y la presunta falta de jurisdicción de la Administración de Servicios Generales eran contradictorios a la doctrina de actos propios, la cual prohíbe que una parte asuma una postura en un procedimiento judicial que contradiga una posición previamente adoptada en el mismo proceso o en uno anterior.

En cumplimiento con nuestra *Resolución* del 12 de agosto de 2024, la parte recurrida compareció mediante *Moción de Desestimación por Falta de Jurisdicción y Solicitud para que se Deje sin Efecto la Paralización del Proceso de Contratación Resultado de la Adjudicación del Requerimiento de Propuestas CDBG-DRMIT-RFP-2023-05*, el 23 del mismo mes y año. En síntesis, admitió que falló en incluir en sus advertencias de la determinación recurrida lo referente a los términos para solicitar la revisión judicial, a tenor con la LPAU. Afirmó que, el 12 de agosto de 2024, procedió a emitir un nuevo *Notice of Award*, a los únicos efectos de subsanar la ausencia de expresión en las advertencias de la notificación del 22 de julio de 2024, sobre el derecho de los proponentes a solicitar una revisión judicial. Indicó, además, que –en igual fecha– la Junta Revisora de Subastas de la Administración de Servicios Generales emitió una *Resolución* mediante la cual acogió la solicitud de revisión administrativa instada por Custom Group, LLC.

Por otro lado, la parte recurrida argumentó que el asunto sobre falta de jurisdicción planteado por la parte recurrente fue resuelto en el KLRA202400099, por lo que constituía cosa juzgada. Señaló que, el 21 de agosto de 2024, notificó una nueva adjudicación a todos los proponentes, la cual, según adujo, cumple a cabalidad con lo ordenado en la *Sentencia* del KLRA202400099. En vista de lo anterior, sostuvo que lo relacionado a la suficiencia de la notificación de adjudicación quedaba derrotado por las doctrinas de academicidad y cosa juzgada, por lo que procede la desestimación del recurso y que se deje sin efecto la paralización del proceso de contratación en cuestión.

Con el beneficio de la comparecencia de las partes, estamos en posición de resolver.

**II**

**A**

La jurisdicción es el poder o autoridad de un tribunal para considerar y decidir casos y controversias. *R&B Power, Inc. v. Junta de Subasta ASG*, 2024 TSPR 24, 213 DPR ___ (2024); *FCPR v. ELA et al.*, 211 DPR 521 (2023); *MCS Advantage v. Fossas Blanco et al.*, 211 DPR 135 (2023); *Cobra Acquisitions v. Mun. Yabucoa et al.,* 210 DPR 384 (2022). Es por ello que, la falta de jurisdicción de un tribunal incide directamente sobre el poder mismo para adjudicar una controversia. *Allied Mgmt. Group v. Oriental Bank*, 204 DPR 374, 386 (2020). Por tal razón, es norma reiterada que los tribunales son celosos guardianes de su jurisdicción y que tienen el deber ineludible de auscultar dicho asunto con preferencia a cualesquiera otros. *R&B Power, Inc. v. Junta de Subasta ASG*, supra; *Pueblo v. Torres Medina*, 211 DPR 950 (2023).

De ese modo, la ausencia de jurisdicción trae varias consecuencias, tales como: (1) que no sea susceptible de ser subsanada; (2) las partes no puedan conferírsela voluntariamente a

un tribunal como tampoco puede este arrogársela; (3) conlleva la nulidad de los dictámenes emitidos; (4) impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; (5) obliga a los tribunales apelativos a examinar la jurisdicción del foro de donde procede el recurso; y (6) puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal *motu proprio*. *Allied Mgmt. Group v. Oriental Bank*, supra.

En ese sentido, en reiteradas ocasiones el Tribunal Supremo de Puerto Rico ha expresado que los tribunales tenemos el deber de proteger nuestra jurisdicción sin poseer discreción para asumirla donde no la hay. *Pueblo v. Ríos Nieves*, 209 DPR 264 (2022). Por tanto, si un tribunal carece de jurisdicción, solo resta así declararlo y desestimar la reclamación sin entrar en los méritos de la controversia. *Municipio de Aguada v. W. Construction, LLC y otro*, 2024 TSPR 69, resuelto el 21 de junio de 2024; *R&B Power, Inc. v. Junta de Subasta ASG*, supra; *Mun. de San Sebastián v. QMC Telecom*, 190 DPR 652, 660 (2014). A esos efectos, las cuestiones de jurisdicción son de índole privilegiada y deben ser resueltas con preferencia. *Íd.*; *Pueblo v. Ríos Nieves*, supra; *FCPR v. ELA et al.*, supra.

**B**

El Tribunal Supremo de Puerto Rico ha reiterado la importancia que reviste para la buena marcha de la cosa pública, que los procesos de adquisición de bienes y servicios del gobierno se lleven a cabo con eficiencia, honestidad y completa probidad. *R & B Power v. E.L.A.*, 170 DPR 606, 619 (2007); *Empresas Toledo v. Junta de Subastas*, 168 DPR 771 (2006); *A.E.E. v. Maxon*, 163 DPR 434 (2004). De ordinario, en la adquisición competitiva de bienes y servicios por el gobierno central y municipal, se utiliza el mecanismo de la subasta pública formal o tradicional. *Íd.*; *PR Eco Park et al. v. Mun. de Yauco*, 202 DPR 525, 531 (2019). Asimismo, el *request for*

*proposal* o requerimiento de propuestas es otro mecanismo disponible para que el gobierno adquiera bienes y servicios, caracterizado por su apertura a negociaciones y por ser un procedimiento informal y flexible. *Íd.* Por medio de ambos mecanismos se protegen los intereses del gobierno, toda vez que procuran conseguir los precios más económicos, evitan el favoritismo, la corrupción, el dispendio, la prevaricación, la extravagancia y el descuido al otorgarse los contratos, y minimizar los riesgos de incumplimiento. *Transporte Sonnell, LLC v. Junta de Subastas de la Autoridad de Carreteras y Transportación de Puerto Rico y otro*, 2024 TSPR 82, resuelto el 24 de julio de 2024, citando a *PR Eco Park et al. v. Mun. de Yauco,* supra, pág. 531, citando a *Caribbean Communications v. Pol. de P.R.*, 176 DPR 978, 994 (2009). En ese sentido, nuestro más Alto Foro ha expresado que, en la medida que haya pureza en estos procedimientos, los entes estatales y municipales promoverán la libre competencia entre los postores. *Íd.*

De ordinario, se recurre al mecanismo excepcional de *request for proposal*, mediante la solicitud de propuestas selladas, cuando se trata sobre la adquisición de bienes o servicios especializados que involucran aspectos altamente técnicos y complejos o cuando existen escasos competidores cualificados. *Transporte Sonnell, LLC v. Junta de Subastas de la Autoridad de Carreteras y Transportación de Puerto Rico y otro*, supra; *PR Eco Park et al. v. Mun. de Yauco,* supra, pág. 532; *CD Builders v. Mun. Las Piedras,* 196 DPR 336, 345 (2016); *R & B Power v. E.L.A.*, supra, págs. 621-622. Debido a su naturaleza informal y flexible, y la erogación de fondos públicos que implica, se exige que la utilización del *request for proposal* "no se convierta en la norma como un escape a la competencia secreta de la subasta tradicional". *PR Eco Park et al. v. Mun. de Yauco*, supra,

pág. 532. Sobre ese particular, en *R & B Power v. E.L.A.*, supra, pág. 625, nuestro más Alto Foro expresó que:

> Este mecanismo excepcional no puede convertirse en la norma y así servir de subterfugio para que los entes gubernamentales soslayen el mecanismo tradicional de adquisición competitiva de bienes y servicios. Somos conscientes de la necesidad de proveerle al Gobierno y sus agencias mecanismos de mayor flexibilidad en el manejo de la cosa pública para poder atender con prontitud y eficazmente los problemas que aquejan a la ciudadanía. Esa flexibilidad, sin embargo, no puede convertirse en patente de corso para el dispendio de fondos públicos. Le corresponderá a la Junta en el descargo de su responsabilidad fiduciaria asegurarse que ello sea así. Como siempre, será responsabilidad de los tribunales velar por que las agencias y las corporaciones públicas no se conviertan en autócratas en el ejercicio de la facultad extraordinaria concedida, actuando sin parámetros adecuados y exentos de supervisión alguna.

Aun cuando la subasta formal y el *request for proposal* son mecanismos distintos, nuestro Tribunal Supremo ha reconocido que un requerimiento de propuestas participa de características adjudicativas de la misma forma que la subasta tradicional. *PR Eco Park et al. v. Mun. de Yauco,* supra, pág. 532, citando a *R & B Power v. E.L.A.*, supra, pág. 624. Por ejemplo, el Foro revisor de última instancia ha establecido que del *request for proposal* debe surgir los requerimientos, los términos y las condiciones, así como los factores que han de considerarse en la evaluación para la adjudicación de la subasta. *Íd.* En vista de ello, son de clara aplicación los principios generales establecidos en la Sección 3.16 de la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico, Ley Núm. 38-2017, 3 LPRA sec. 9656 (LPAU), que exige que cuando la agencia concluye un procedimiento adjudicativo en un caso particular, notificará por escrito por correo ordinario o electrónico a las partes su determinación, los fundamentos para la misma y el recurso de revisión disponible. *R & B Power v. E.L.A.*, supra, pág. 624; *Velázquez v. Adm. de Terrenos,* 153 DPR 548 (2001). Por tal razón, los oferentes o participantes de un *request for proposal* pueden

cuestionar, mediante revisión judicial, la adjudicación de una propuesta de subasta. *PR Eco Park et al. v. Mun. de Yauco,* supra, págs. 532-533. Ello aplica aun cuando el documento mismo de licitación nada disponga respecto al derecho de revisión judicial, pues el *request for proposal* no está exento de revisión judicial, aunque la legislación no lo disponga expresamente. *Íd.*, págs. 533; *R & B Power v. E.L.A.*, supra, pág. 624.

Tanto las subastas tradicionales como los requerimientos de propuestas que adjudique una entidad gubernamental están regidos por las disposiciones de la *Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico*, Ley Núm. 38-2017, 3 LPRA sec. 9601 *et seq.* (LPAU), y, en lo aquí atinente, por los términos del Manual de Adquisiciones para los Programas CDBG-DR, CDBG-MIT y CDBG Estatal, Reglamento Núm. 9506 de 25 de septiembre de 2023 (Reglamento Núm. 9506). En particular, la Sección 4.2 de la LPAU, 3 LPRA sec. 2172, dispone, en lo pertinente, lo siguiente:

> Una parte adversamente afectada por una orden o resolución final de una agencia y que haya agotado todos los remedios provistos por la agencia o por el organismo administrativo apelativo correspondiente podrá presentar una solicitud de revisión ante el Tribunal de Apelaciones, dentro de un término de treinta (30) días contados a partir de la fecha aplicable de las dispuestas en la Sección 3.15 de esta Ley, cuando el término para solicitar la revisión judicial haya sido interrumpido mediante la presentación oportuna de una moción de reconsideración. La parte notificará la presentación de la solicitud de revisión a la agencia y a todas las partes dentro del término para solicitar dicha revisión. La notificación podrá hacerse por correo. Disponiéndose, que[,] si a la fecha del archivo en autos de copia de la notificación de la orden o resolución final de la agencia o del organismo administrativo apelativo correspondiente es distinta a la del depósito en el correo de dicha notificación, el término se calculará a partir de la fecha del depósito en el correo.

> [...].

A tenor con ello, el Reglamento Núm. 9506, *supra,* establece que toda adjudicación deberá ser notificada a todos los ofertantes no agraciados por correo electrónico o correo certificado en o antes

del siguiente día laboral de haberse recibido la comunicación de la Junta de Subastas. Artículo V, Sección 5.4 y 5.5 del Reglamento Núm. 9506. De igual forma, a los fines de que una notificación de adjudicación de requerimiento de propuestas goce de eficacia jurídica, la misma deberá apercibir a las partes de lo siguiente: (1) Fecha de la notificación; (2) Resolución de la Junta de Subasta; (3) Nombre y dirección de todos los ofertantes; (4) Número de la subasta o del *request for proposal*; (5) Resumen de la oferta; (6) Factores o criterios considerados para adjudicar la oferta; (7) El nombre de cada ofertante con indicación de las partidas adjudicados a su favor y el motivo de rechazo de las partidas no adjudicadas; (8) Defectos, si alguno, de las propuestas de los ofertantes no agraciados; (9) Derecho a presentar un recurso de revisión judicial de conformidad con la Sección 4.2 de LPAU, 3 LPRA sec. 9672, así como la *Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003*, Ley Núm. 201-2003, según enmendada, 4 LPRA sec. 24 *et seq.* Artículo V, Sección 5.6 del Reglamento Núm. 9506.

El precitado Reglamento añade, a su vez, que en el aviso de adjudicación habrá de figurar la siguiente información al ofertante agraciado: (1) Documentos necesarios para la ejecución del contrato; (2) El plazo asignado para presentar la documentación requerida y; (3) Una advertencia de que la adjudicación no es vinculante hasta que se ejecute el contrato. Artículo V, Sección 5.7 del Reglamento Núm. 9506.

Por otro lado, la Sección 3.19 de la LPAU, 3 LPRA sec. 2165, en lo referente a las reconsideraciones presentadas ante las agencias administrativas, disponía lo siguiente:

> […]
>
> La parte adversamente afectada por una decisión podrá presentar una moción de reconsideración ante la Administración de Servicios Generales o ante la entidad gubernamental correspondiente, según sea el caso, dentro del término de diez (10) días desde la fecha de la

notificación de la adjudicación de la subasta o propuesta. La Administración de Servicios Generales o la entidad gubernamental correspondiente, según sea el caso, deberá considerar la moción de reconsideración dentro de los diez (10) días laborables de haberse presentado. Si se tomare alguna determinación en su consideración, el término para instar el recurso de revisión judicial empezará a contarse desde la fecha en que se archive en autos, copia de la notificación de la decisión de la Administración de Servicios Generales o la entidad gubernamental correspondiente, según sea el caso, resolviendo la moción de reconsideración. Si la fecha de archivo en autos de copia de la notificación de la orden o resolución es distinta a la del depósito en el correo ordinario o del envío por medio electrónico de dicha notificación, el término se calculará a partir de la fecha del depósito en el correo ordinario o del envío por medio electrónico, según corresponda. Si la Administración de Servicios Generales o la entidad gubernamental correspondiente, según sea el caso, dejare de tomar alguna acción con relación a la moción de reconsideración dentro de los diez (10) días de haberse presentado, se entenderá que esta ha sido rechazada de plano, y a partir de esa fecha comenzará a correr el término para la revisión judicial.

Si la Administración de Servicios Generales o la entidad gubernamental correspondiente, según sea el caso, acoge la solicitud de reconsideración dentro del término provisto para ello, deberá emitir la resolución en reconsideración dentro de los treinta (30) días siguientes a la radicación de la moción de reconsideración. Si la Administración de Servicios Generales o la entidad gubernamental correspondiente, según sea el caso, acoge la moción de reconsideración, pero dejase de tomar alguna acción con relación a la moción dentro de los treinta (30) días de esta haber sido radicada, perderá jurisdicción sobre la misma y el término para solicitar la revisión judicial empezará a contarse a partir de la expiración de dicho término de treinta (30) días. La Administración de Servicios Generales o la entidad gubernamental correspondiente, según sea el caso, podrá extender dicho término una sola vez, antes de que este culmine, por un término adicional de quince (15) días.

[…]

Recientemente, el 19 de febrero de 2024, la precitada Sección fue enmendada por la Ley Núm. 48-2024, a los fines de aclarar que el mecanismo disponible para impugnar las determinaciones de la Junta de Subastas será la revisión administrativa y que la Junta Revisora de la Administración de Servicios Generales es el único organismo para impugnar las determinaciones de la Junta de Subastas y presentar el recurso de revisión administrativa.

Exposición de motivos de la Ley Núm. 48-2024. A su vez, mediante el citado estatuto se reconoce el recurso de revisión administrativa como el único recurso para impugnar las adjudicaciones en los procesos de licitación pública regulados por la Ley Núm. 73-2019, *supra*, y dispone que su presentación es un requisito jurisdiccional antes de presentar un recurso de revisión judicial. *Íd.* La Asamblea Legislativa expresó que, al instituir el recurso de revisión administrativa ante la Junta Revisora como el único mecanismo de impugnación de las adjudicaciones, se da uniformidad y certeza al proceso. *Íd.* Asimismo, la rama legislativa particularizó que, al establecer el recurso de revisión administrativa como un requisito jurisdiccional para presentar un recurso de revisión judicial, se garantiza que las partes tengan la oportunidad de acudir a un organismo especializado para corregir cualquier error sin la necesidad de incurrir en los costos que conlleva la presentación de un recurso de revisión judicial y esperar el tiempo que conlleva la adjudicación de un recurso en el Tribunal de Apelaciones. *Íd.* En virtud de ello, la nueva Sección 3.19 de la LPAU, *supra*, lee como sigue:

[…]

La parte adversamente afectada por una determinación en un proceso de licitación pública podrá presentar una solicitud de revisión administrativa ante la Junta Revisora de Subastas de la Administración de Servicios Generales dentro del término de diez (10) días laborables, contados a partir del depósito en el correo federal o la notificación por correo electrónico, lo que ocurra primero, de la adjudicación del proceso de licitación pública. La Junta Revisora de Subastas de la Administración de Servicios Generales deberá determinar si acoge o no la solicitud de revisión administrativa, dentro del término de diez (10) días laborables de haberse presentado la solicitud de revisión administrativa. Si dentro de ese término, la Junta Revisora de la Administración de Servicios Generales determina acoger la misma, tendrá un término de treinta (30) días calendario adicionales para adjudicarla, contados a partir del vencimiento de los diez (10) días laborables que tenía para determinar si la acogía o no. La Junta Revisora de la Administración de Servicios Generales podrá extender el término de treinta

(30) días calendario, una sola vez, por un término adicional de quince (15) días laborables.

Si se tomare alguna determinación en la revisión administrativa, el término para instar el recurso de revisión judicial ante el Tribunal de Apelaciones comenzará a contarse desde la fecha en que se depositó en el correo federal o se notificó por correo electrónico, lo que ocurra primero, copia de la notificación de la decisión de la Junta Revisora de Subastas de la Administración de Servicios Generales adjudicando la solicitud de revisión administrativa. Si la Junta Revisora de Subastas de la Administración de Servicios Generales dejare de tomar alguna acción con relación al recurso de revisión administrativa, dentro de los términos dispuestos en esta Ley, se entenderá que este ha sido rechazado de plano, y a partir de esa fecha comenzará a decursar el término para presentar el recurso de revisión judicial. La presentación del recurso de revisión administrativa ante la Junta Revisora de Subastas de la Administración de Servicios Generales será un requisito jurisdiccional antes de presentar un recurso de revisión judicial ante el Tribunal de Apelaciones.

La parte adversamente afectada tendrá un término jurisdiccional de treinta (30) días calendario para presentar un recurso de revisión judicial ante el Tribunal de Apelaciones, contados a partir del depósito en el correo federal o de remitida la determinación por correo electrónico, lo que ocurra primero, ya sea de la adjudicación de la solicitud de revisión administrativa ante la Junta Revisora de Subastas de la Administración de Servicios Generales, o cuando venza el término que tenía la Junta Revisora de Subastas de la Administración de Servicios Generales para determinar si acogía o no la solicitud de revisión administrativa.

[…]

El cumplimiento de las formalidades antes indicadas es de carácter jurisdiccional, por lo que la eficacia de la notificación de adjudicación de subasta o del requerimiento de propuestas quedará supeditada a la fiel concurrencia de estas. *PR Eco Park et al. v. Mun. de Yauco,* supra. Las referidas exigencias responden a que, el derecho de cuestionar una subasta o un requerimiento de propuestas adjudicado mediante un recurso de revisión judicial es parte del debido proceso de ley, razón por la cual se hace indispensable una notificación adecuada. *Íd.* "S[o]lo a partir de la notificación así requerida es que comenzará a transcurrir el término

para acudir en revisión judicial". *PVH Motor v. ASG*, 209 DPR 122, 132 (2022), citando a *IM Winner, Inc. v. Mun. de Guayanilla*, 151 DPR 30, 38 (2000). Lo anterior tiene el efecto de que el recurso que se presente ante un tribunal de mayor jerarquía sea prematuro. *PR Eco Park et al. v. Mun. de Yauco*, supra, pág. 538. Así pues, ante una notificación defectuosa, se priva a este Foro de jurisdicción para entender sobre el asunto impugnado. *PVH Motor v. ASG*, supra. De otro lado, hasta tanto no discurra el referido término, el licitador u oferente no podrá formalizar el contrato con la entidad gubernamental. *PR Eco Park et al. v. Mun. de Yauco*, supra, pág. 538.

Esbozada la norma jurídica, procedemos a aplicarla al recurso ante nos.

**III**

La parte recurrente sostiene que la Junta violentó el debido proceso de ley, toda vez que el *Notice of Award* en cuestión incumple con lo resuelto por este Foro en el KLRA202400099, lo que resulta en que la notificación de este sea ineficaz. Plantea, además, que el referido organismo administrativo erró al no permitirle acceso a la totalidad del expediente administrativo, lo cual impacta adversamente su derecho a una adecuada revisión judicial. Por otro lado, arguye que la agencia recurrida incidió al descalificarla por entender que el personal clave propuesto por esta no cumplía con el requisito de cualificaciones profesionales y conocimiento especializado establecido en el *request for proposal*. Argumenta que la parte recurrida erró y abusó de su discreción al utilizar un procedimiento de evaluación de propuestas ambiguo, impreciso, ininteligible y que no guardó relación con lo anticipado en el *request for proposal*. Alega que la agencia administrativa incidió al no seleccionar al proponente que más cercano estuvo al costo estimado independiente, según fue establecido por la propia agencia.

Luego de evaluar sosegadamente el contenido de la notificación impugnada, colegimos que, tal cual lo propuesto por la parte recurrente, no concurren las exigencias reconocidas por nuestro ordenamiento jurídico para legitimar su oponibilidad. Ciertamente, la ausencia de expresión relativa al derecho a reconsideración consagrado en la Sección 3.19 de la LPAU, *supra,* así como el derecho a solicitar una revisión judicial de la decisión ante el Tribunal de Apelaciones, constituyen defectos de carácter sustantivo que privan a la parte recurrente de cuestionar la corrección del quehacer administrativo ejercido.

De una revisión del *Notice of Award* emitido el 22 de julio de 2024, surge que la Junta se limitó a citar una oración referente al derecho a reconsideración según declarado por este panel en el KLRA202400099. Sin embargo, dicha cita no apercibe expresamente a las compañías proponentes sobre su derecho a solicitar reconsideración, el término jurisdiccional para ello, ni cuándo este comienza a transcurrir. Asimismo, si bien, en esta ocasión, advirtieron a las compañías licitadoras sobre su derecho a acudir a la Junta Revisora de la Administración de Servicios Generales, fallaron en instruir sobre el derecho a solicitar una revisión judicial ante este Tribunal de Apelaciones, incluyendo el término aplicable y el comienzo de este. Igualmente, ello incide sobre la facultad que le asiste a este Foro para ejercer sus funciones de revisión a cabalidad.

Al examinar el contenido del *Notice of Award* en cuestión, concluimos, nuevamente, que es una notificación defectuosa, toda vez que carece de las siguientes exigencias: (1) Una síntesis o resumen de las propuestas sometidas por los ofertantes; (2) El nombre de cada ofertante con indicación de las partidas adjudicadas a su favor y el motivo de rechazo de las partidas no adjudicadas; (3) Defectos, si alguno, de las propuestas de los ofertantes no agraciados; (4) Documentos de los ofertantes agraciados necesarios

para la ejecución del contrato; (5) El plazo asignado para que los ofertantes agraciados presenten la documentación requerida y; (6) Una advertencia de que la adjudicación no es vinculante hasta que se ejecute el contrato. Precisa destacar que, el hecho de que la Junta indicara en el *Notice of Award* que el *Bid Board Resolution* (el cual contiene alguna de la referida información y fue anejada como Exhibit II de la notificación de adjudicación) formaba parte integral de esta, no la exime de incluir la información desglosada en el propio texto del *Notice of Award*.

Ahora bien, es importante señalar que, en la tarde del 12 de agosto de 2024, después de radicado el presente recurso, la parte recurrida notificó un tercer *Notice of Award*,[10] cuyo contenido, esencialmente, es el mismo que el aviso de adjudicación aquí impugnado. No obstante, la parte recurrida añadió lo siguiente al final del documento:

> [...]
>
> **Any** party that considers itself to have been adversely affected by a final order or resolution of the **Bid Review Board of the General Service Administration may request a judicial review with the court of Appeal within of a term of twenty (20) calendar days** from the date on which a copy of the final order or resolution was duly notified, as set forth in Section 4.2 of Act 38-2017, as amended, known as Uniform Administrative Procedures Act of the Government of Puerto Rico. See also, Act. No. 201-2003, as amended, known as the Judiciary Act of the Commonwealth of Puerto Rico of 2003, 4 LPRA § 24 *et seq.*
>
> It is important to clarify that nothing herein provided shall modify the Procurement Manual, Regulation 9506, on any of its sections. **In addition, this notice does not constitute a waiver of PRDOH's claim of PR's General Services Administration jurisdictional claim**.
>
> [...] (Énfasis nuestro).

---

[10] Véase, Anejo B de la *Urgente Moción Informativa y en Solicitud de Orden*.

Posteriormente, el 21 de agosto de 2024, la Junta emitió un cuarto *Notice of Award*,[11] idéntico a la notificación de adjudicación precitada, con excepción de la siguiente variación:

[...]

Any part that considers itself to have been adversely affected in this public Bid or Request for Proposals, may file a **Reconsideration Request before the General Service Administration within ten (10) days from the date on which a copy of the Notice of Award was duly notified, as set forth on Section 3.19 of Act 38-2017 before February 19, 2024, as amended**, known as the Uniform Administrative Procedures Act of the Government of Puerto Rico.

**In the alternative**, any party that considers itself to have been adversely affected in this public Bid or Request for Proposals, may file an Administrative Review before the Bid Review Board of the General Service Administration within **ten (10) days** from the date on which a copy of the Notice of Award was duly notified, as set forth on Section 3.19 of Act 38-2017 before February 19, 2024, as amended, known as the Uniform Administrative Procedures Act of the Government of Puerto Rico. See also, Act No. 201-2003, as amended, known as the Judiciary Act of the Commonwealth of Puerto Rico of 2003, 4 LPRA § 24 *et seq.*

**Any party that considers itself to have been adversely affected by a final order or resolution of the General Service Administration or the Bid Review Board of the General Service Administration, per Section 3.19 of Act 38-2017 before February 19, 2024, as amended, may request a judicial review with the Court of Appeals within a term of twenty (20) calendar days from the day on which a copy of the final order or resolution was duly notified**, as set forth in Section 4.2 of Act 38-2017, as amended, known as [the] Uniform Administrative Procedures Act of the Government of Puerto Rico. See also, Act No. 201-2003, as amended, known as the Judiciary Act of the Commonwealth of Puerto Rico of 2003, 4 LPRA § 24 *et seq.*

[...] (Énfasis nuestro).

Como observamos, la recurrida añadió el derecho de los proponentes a solicitar una revisión judicial de la decisión de la agencia ante el Tribunal de Apelaciones, mas no subsanó las demás

---

[11] Véase, Anejo C de la *Moción de Desestimación por Falta de Jurisdicción y Solicitud para que se Deje sin Efecto la Paralización del Proceso de Contratación Resultado de la Adjudicación del Requerimiento de Propuestas CDBG-DRMIT-RFP-2023-05.*

deficiencias que tornaron la notificación en una defectuosa. Sin embargo, ello no varía lo aquí resuelto, pues las notificaciones del 12 y 21 de agosto del año corriente se emitieron sin jurisdicción. Si bien la agencia recurrida intentó corregir las deficiencias de la segunda notificación de adjudicación, ello se realizó después de instado el presente recurso. Es decir, una vez la recurrente presentó el recurso de revisión judicial ante este Foro, automáticamente, privó de jurisdicción al organismo administrativo recurrido para modificar la notificación en cuestión. Por tanto, el tercer y cuarto *Notice of Award* emitidos el 12 y 21 de agosto de 2024 por la agencia recurrida son nulos y los argumentos de esta sobre academicidad y cosa juzgada son inmeritorios.

En mérito de lo anterior, una vez más, resolvemos que la Junta incumplió con los requisitos jurisdiccionales estatuidos para imprimir eficacia a su quehacer. La notificación de su determinación es una defectuosa e inadecuada. Aun cuando –sin jurisdicción para ello– la Junta intentó en dos ocasiones adicionales subsanar las deficiencias en la notificación, ninguna de ellas cumple con lo requerido por nuestro ordenamiento jurídico, según delineamos y detallamos, tanto en este recurso como en el KLRA202400099. El incumplimiento craso y constante de la agencia recurrida con las exigencias mínimas de una notificación de esta naturaleza, lacera el debido proceso de ley de los proponentes que participaron del *request for proposal* en cuestión. Siendo así, las deficiencias identificadas redundan en suprimir nuestra jurisdicción, hasta tanto se cuente con una notificación adecuada y conforme a la ley. Consecuentemente, la Junta debe subsanar los defectos del *Notice of Award* del 22 de julio de 2024 para que comiencen a decursar los términos de ley disponibles para que la parte recurrente, de entenderlo necesario, solicite la revisión judicial ante nos.

A su vez, procede que cualquier solicitud de revisión de dicha adjudicación presentada por alguno de los proponentes ante la Junta Revisora de la Administración de Servicios Generales sea archivada por los mismos fundamentos aquí expuestos.

**IV**

Por los fundamentos que anteceden, dejamos sin efecto la paralización de los procedimientos y desestimamos el presente recurso de revisión judicial por falta de jurisdicción.

Se le requiere a la Secretaría del Tribunal de Apelaciones proceder con el desglose de los apéndices de esta causa para ser utilizados por la parte recurrente en el futuro, de interesar recurrir de la determinación, una vez la parte recurrida notifique correctamente a las partes su dictamen final.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

**Notifíquese inmediatamente.**

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones