ESTADO LIBRE ASOCIADO DE PUERTO RICO
EN EL TRIBUNAL DE APELACIONES
PANEL V

| | | |
|---|---|---|
| LEARN AID LLC<br><br>    Recurrente<br><br>    v.<br><br>DEPARTAMENTO DE EDUCACIÓN DE PUERTO RICO<br><br>    Recurrido<br><br>SM, INC. EDICIONES SANTILLANA, INC.<br><br>  Partes Interesadas | **KLRA202400560**<br><br><br><br><br><br><br>**CONSOLIDADO** | *REVISIÓN ADMINISTRATIVA* procedente de Departamento de Educación<br><br>Caso Núm.: RFP DEPR-UAF-23-009<br><br>Sobre: Errores de la Oficina Central de Compras, Obligaciones y Adjudicación de Fondos del Departamento de Educación |
| EDICIONES SANTILLANAS, INC.<br><br>    Recurrente<br><br>     v.<br><br>DEPARTAMENTO DE EDUCACIÓN DE PUERTO RICO<br><br>    Recurrida<br><br>LEARN AID, LLC, SM, INC., LS INNOVATIVE EDUCATION CENTER, INC., GLOBAL EDUCATION EXCHANGE OPPORTUNITIES, INC., BETANCES PROFESSIONAL SERVICES AND EQUIPMENT, INC.<br><br>  Partes Interesadas | **KLRA202400575** | *REVISIÓN ADMINISTRATIVA* procedente de Departamento de Educación<br><br>Caso Núm.: RFP DEPR-UAF-23-009<br><br>Sobre: Errores de la Oficina Central de Compras, Obligaciones y Adjudicación de Fondos del Departamento de Educación |

Panel integrado por su presidente, el Juez Hernández Sánchez, el Juez Bonilla Ortiz y la Jueza Mateu Meléndez.

## SENTENCIA

En San Juan, Puerto Rico, a 29 de octubre de 2024.

Comparece ante este foro Learn Aid LLC, mediante el recurso de revisión judicial, KLRA202400560, y solicita que revisemos el *Aviso de Adjudicación* emitido por el Departamento de Educación (DEPR) notificado el 27 de

Número Identificador
SEN2024 _____

agosto de 2024, en el cual determinó adjudicar la propuesta a SM, Inc. por obtener la puntuación más alta en la evaluación técnica.

El 15 de octubre de 2024, Ediciones Santillana, Inc., presentó otro recurso de revisión judicial, KLRA202400575, donde cuestiona la misma determinación del DEPR.

En atención a que ambos recursos de epígrafe se recurren de la misma determinación tomada por el DEPR, el 18 de octubre de 2024, emitimos una *Resolución* consolidando los mismos. A su vez, declaramos *Ha Lugar* a las mociones de auxilio de jurisdicción solicitando la paralización de los procedimientos en el Departamento Educación con relación a la *Solicitud de Propuestas DEPR-UAF-23-009*, presentada por ambas partes.

Por los fundamentos que expondremos a continuación, se deja sin efecto la paralización de los procedimientos y **DESESTIMAMOS** los recursos de epígrafe por falta de jurisdicción.

## I.

El 5 de abril de 2024, el Departamento de Educación publicó un *Documento de Solicitud de Propuesta (RFP)*.[1] En este, indicaron que el propósito del RFP era buscar "un proveedor calificado que tenga experiencia en diseño curricular para brindar servicios necesarios para apoyar el proceso de revisión curricular de la SAEOT."

Conforme surge de los documentos de autos, el DEPR recibió propuestas de SM, Inc.; LS Innovative Education Center, Inc.; Ediciones Santillana Inc.; Global Education Exchange Opportunities, Inc.; Learn Aid, LLC;

---

[1] *Documento de Solicitud de Propuesta (RFP)*, anejo II, págs. 18-82 del apéndice del recurso.

y Betances Professional Services and Equipment Inc. Evaluadas las propuestas, el 23 de agosto de 2024, siendo notificada el 27 de agosto de 2024, el DEPR emitió el *Aviso de Adjudicación*.[2] En este, concluyó que luego de estas ser evaluadas, la propuesta presentada por SM, Inc. había obtenido la puntuación más alta en la evaluación técnica.  Por lo tanto, habían tomado la decisión de adjudicar la RFP a favor de dicho proponente. Asimismo, el *Aviso de Adjudicación* contenía las advertencias para que las partes afectadas por la decisión solicitaran una reconsideración.    La advertencia indicaba lo siguiente:

> La parte adversamente afectada por esta decisión podrá presentar una moción de reconsideración por escrito ante el DEPR, dentro del término de diez (10) días contados desde la fecha de la notificación de la adjudicación de la propuesta a la siguiente dirección:
>
> Departamento de Educación
> Oficina de Asuntos Legales
> P.O. Box 190759
> San Juan, P.R. 00919-0759
>
> El DEPR deberá determinar considerar la moción de reconsideración dentro de los diez (10) días laborables de haberse presentando la misma.  Si se tomara alguna determinación en su consideración, el termino para instar el recurso de revisión judicial empezará a contarse desde la fecha en que se archive en autos, copia de la notificación de la decisión del DEPR resolviendo la moción de reconsideración.
>
> Si el DEPR dejare de tomar alguna acción con relación a la moción de reconsideración dentro de los diez (10) días de haberse presentado, se entenderá que la misma ha sido rechazada de plano y a partir de esa fecha comenzará a correr el término para la revisión judicial. […]
>
> Si el DEPR acoge la solicitud de reconsideración dentro del término provisto para ello, deberá emitir la resolución en reconsideración dentro de los treinta (30) días siguientes a la radicación de la moción de reconsideración. […]. La mera presentación de una solicitud de revisión judicial no paralizará por si los procedimientos subsiguientes a la adjudicación de la RFP.

---

[2] *Aviso de Adjudicación*, anejo I, págs. 1-17 del apéndice del recurso.

El 15 de octubre de 2024, emitimos una *Resolución*, solicitándole a todas las partes que mostraran causa por la cual no debíamos desestimar el recurso de epígrafe ante una notificación defectuosa del *Aviso de Adjudicación*. Debido a que, el término para que el DEPR acogiera o no una moción de reconsideración aparentaba no ser consistente con la Ley de Procedimiento Administrativo Uniforme (LPAU), según enmendada.

El 22 de octubre de 2024, Learn Aid LLC y Ediciones Santillana Inc. ("los recurrentes"), presentaron cada uno respectivamente su moción en cumplimiento de orden.

El 24 de octubre de 2024, el DEPR presentó su *Moción en Cumplimiento de Resolución*.

Mientras que, el 25 de octubre de 2024, SM, LLC. presentó una *Moción de Desestimación de Recursos de Revisión Judicial*.

Evaluados los argumentos de las partes, junto al derecho aplicable, resolvemos.

**II.**

**-A-**

La jurisdicción es el poder o autoridad de un tribunal para considerar y decidir casos y controversias. *R&B Power, Inc. v. Junta de Subasta ASG*, 2024 TSPR 24, 213 DPR ___ (2024); *FCPR v. ELA et al.*, 211 DPR 521 (2023); *MCS Advantage v. Fossas Blanco et al.*, 211 DPR 135 (2023); *Cobra Acquisitions v. Mun. Yabucoa et al.*, 210 DPR 384 (2022). Es por ello que, la falta de jurisdicción de un tribunal incide directamente sobre el poder mismo para adjudicar una controversia. *Allied Mgmt. Group v. Oriental Bank*, 204 DPR 374, 386 (2020). Por tal razón, es norma reiterada que los tribunales son celosos guardianes de su jurisdicción y

que tienen el deber ineludible de auscultar dicho asunto con preferencia a cualesquiera otros. *R&B Power, Inc. v. Junta de Subasta ASG*, supra; *Pueblo v. Torres Medina*, 211 DPR 950 (2023).

De ese modo, la ausencia de jurisdicción trae varias consecuencias, tales como: (1) que no sea susceptible de ser subsanada; (2) las partes no puedan conferírsela voluntariamente a un tribunal como tampoco puede este arrogársela; (3) conlleva la nulidad de los dictámenes emitidos; (4) impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; (5) obliga a los tribunales apelativos a examinar la jurisdicción del foro de donde procede el recurso; y (6) puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal motu proprio. *Allied Mgmt. Group v. Oriental Bank*, supra.

Es por ello que, en reiteradas ocasiones nuestro Tribunal Supremo ha expresado que los tribunales tenemos el deber de proteger nuestra jurisdicción sin poseer discreción para asumirla donde no la hay. *Pueblo v. Ríos Nieves,* 209 DPR 264 (2022). Por tanto, si un tribunal carece de jurisdicción, solo resta así declararlo y desestimar la reclamación sin entrar en los méritos de la controversia. *Municipio de Aguada v. W. Construction, LLC y otro*, 2024 TSPR 69, resuelto el 21 de junio de 2024; *R&B Power, Inc. v. Junta de Subasta ASG*, supra; *Mun. de San Sebastián v. QMC Telecom*, 190 DPR 652, 660 (2014). A esos efectos, las cuestiones de jurisdicción son de índole privilegiada y deben ser resueltas con preferencia. *Íd.; Pueblo v. Ríos Nieves*, supra; *FCPR v. ELA et al.*, supra.

## -B-

El Tribunal Supremo de Puerto Rico ha reiterado la importancia que reviste para la buena marcha de la cosa pública, que los procesos de adquisición de bienes y servicios del gobierno se lleven a cabo con eficiencia, honestidad y completa probidad. *R & B Power v. E.L.A.*, 170 DPR 606, 619 (2007); *Empresas Toledo v. Junta de Subastas*, 168 DPR 771 (2006); *A.E.E. v. Maxon*, 163 DPR 434 (2004). De ordinario, en la adquisición competitiva de bienes y servicios por el gobierno central y municipal, se utiliza el mecanismo de la subasta pública formal o tradicional. *Íd.; PR Eco Park et al. v. Mun. de Yauco,* 202 DPR 525, 531 (2019). Asimismo, el *request for proposal* (RFP) o requerimiento de propuestas es otro mecanismo disponible para que el gobierno adquiera bienes y servicios, caracterizado por su apertura a negociaciones y por ser un procedimiento informal y flexible. *Íd.* Por medio de ambos mecanismos se protegen los intereses del gobierno, toda vez que procuran conseguir los precios más económicos, evitan el favoritismo, la corrupción, el dispendio, la prevaricación, la extravagancia y el descuido al otorgarse los contratos, y minimizar los riesgos de incumplimiento. *Transporte Sonnell, LLC v. Junta de Subastas de la Autoridad de Carreteras y Transportación de Puerto Rico y otro*, 2024 TSPR 82, resuelto el 24 de julio de 2024, citando a *PR Eco Park et al. v. Mun. de Yauco,* supra, pág. 531, citando a *Caribbean Communications v. Pol. de PR*, 176 DPR 978, 994 (2009). En ese sentido, nuestro más Alto Foro ha expresado que, en la medida que haya pureza en estos procedimientos,

los entes estatales y municipales promoverán la libre competencia entre los postores. *Íd.*

De ordinario, se recurre al mecanismo excepcional de *RFP*, mediante la solicitud de propuestas selladas, cuando se trata sobre la adquisición de bienes o servicios especializados que involucran aspectos altamente técnicos y complejos o cuando existen escasos competidores cualificados. *Transporte Sonnell, LLC v. Junta de Subastas de la Autoridad de Carreteras y Transportación de Puerto Rico y otro*, supra; *PR Eco Park et al. v. Mun. de Yauco,* supra, pág. 532; *CD Builders v. Mun. Las Piedras,* 196 DPR 336, 345 (2016); *R & B Power v. ELA*, supra, págs. 621-622. Debido a su naturaleza informal y flexible y la erogación de fondos públicos que implica, se exige que la utilización del *RFP* "no se convierta en la norma como un escape a la competencia secreta de la subasta tradicional". *PR Eco Park et al. v. Mun. de Yauco*, supra, pág. 532. Sobre ese particular, en *R & B Power v. ELA*, supra, pág. 625, nuestro más Alto Foro expresó que:

> Este mecanismo excepcional no puede convertirse en la norma y así servir de subterfugio para que los entes gubernamentales soslayen el mecanismo tradicional de adquisición competitiva de bienes y servicios. Somos conscientes de la necesidad de proveerle al Gobierno y sus agencias mecanismos de mayor flexibilidad en el manejo de la cosa pública para poder atender con prontitud y eficazmente los problemas que aquejan a la ciudadanía. Esa flexibilidad, sin embargo, no puede convertirse en patente de corso para el dispendio de fondos públicos. Le corresponderá a la Junta en el descargo de su responsabilidad fiduciaria asegurarse que ello sea así. Como siempre, será responsabilidad de los tribunales velar por que las agencias y las corporaciones públicas no se conviertan en autócratas en el ejercicio de la facultad extraordinaria concedida, actuando sin parámetros adecuados y exentos de supervisión alguna.

Aun cuando la subasta formal y el RFP son mecanismos distintos, nuestro Tribunal Supremo ha reconocido que un requerimiento de propuesta participa de características adjudicativa de la misma forma que la subasta tradicional. *PR Eco Park et al. v. Mun. de Yauco,* supra, pág. 532, citando a *R & B Power v. ELA*, supra, pág. 624. Por ejemplo, nuestro más Alto Foro ha establecido que del *RFP* debe surgir los requerimientos, los términos y las condiciones, así como los factores que han de considerarse en la evaluación para la adjudicación de la subasta. *Íd.* En vista de ello, son de clara aplicación los principios generales establecidos en la Sección 3.16 de la *Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico*, Ley Núm. 38-2017, 3 LPRA sec. 9656 (LPAU), que exige que cuando la agencia concluye un procedimiento adjudicativo en un caso particular, notificará por escrito por correo ordinario o electrónico a las partes su determinación, los fundamentos para la misma y el recurso de revisión disponible. *R&B Power v. ELA*, supra, pág. 624; *Velázquez v. Adm. de Terrenos*, 153 DPR 548 (2001).

Por tal razón, los oferentes o participantes de un *RFP* pueden cuestionar, mediante revisión judicial, la adjudicación de una propuesta de subasta. *PR Eco Park et al. v. Mun. de Yauco,* supra, págs. 532-533. Ello aplica aun cuando el documento mismo de licitación nada disponga respecto al derecho de revisión judicial, pues el *RFP* no está exento de revisión judicial, aunque la legislación no lo disponga expresamente. *Íd.*, págs. 533; *R&B Power v. ELA*, supra, pág. 624.

Tanto las subastas tradicionales como los requerimientos de propuestas que adjudique una entidad gubernamental están regidos por las disposiciones de la LPAU. En particular, la Sección 4.2 de la LPAU, 3 LPRA sec. 9672, dispone, en lo pertinente, lo siguiente:

> Una parte adversamente afectada por una orden o resolución final de una agencia y que haya agotado todos los remedios provistos por la agencia o por el organismo administrativo apelativo correspondiente podrá presentar una solicitud de revisión judicial ante el Tribunal de Apelaciones, dentro de un término de treinta (30) días contados a partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final de la agencia o a partir de la fecha aplicable de las dispuestas en la Sección 3.15 de esta Ley cuando el término para solicitar la revisión judicial haya sido interrumpido mediante la presentación oportuna de una moción de reconsideración. La parte notificará la presentación de la solicitud de revisión a la agencia y a todas las partes dentro del término para solicitar dicha revisión. La notificación podrá hacerse por correo. Si la fecha de archivo en autos de copia de la notificación de la orden o resolución final de la agencia o del organismo administrativo apelativo correspondiente es distinta a la del depósito en el correo de dicha notificación, el término se calculará a partir de la fecha del depósito en el correo.

> […].

Por otro lado, el 12 de agosto de 2024, la Sección 3.19 de la LPAU, fue enmendada por la Ley Núm. 153-2020, a los fines de uniformar el término para solicitar revisión judicial al momento de impugnar una adjudicación en un proceso de licitación pública, disponiéndose que el término para impugnar una subasta ante el Tribunal de Apelaciones es de veinte (20) días calendario. Asimismo, enmendaron el término "reconsideración" por "revisión administrativa", para uniformarlo con el resto de la legislación. De igual

forma, quisieron corregir una discrepancia en los términos "días laborables" y "días calendario", para aclarar que la Junta Revisora de Subastas de la Administración de Servicios Generales (ASG) tendrá un término de diez (10) días calendario para determinar si acoge o no una solicitud de revisión administrativa y que la parte adversamente afectada por una determinación de la Junta Revisora de Subastas de la ASG tendría un término jurisdiccional de veinte (20) días calendario para presentar un recurso de revisión judicial ante el Tribunal de Apelaciones. Exposición de motivos de la Ley Núm. 153-2024.

En virtud de ello, la nueva Sección 3.19 de la LPAU, *supra*, lee como sigue:

[…]

La parte adversamente afectada por una determinación en un proceso de licitación pública podrá presentar una solicitud de revisión administrativa ante la Junta Revisora de Subastas de la Administración de Servicios Generales dentro del término de diez (10) días calendario, contados a partir del depósito en el correo federal o la notificación por correo electrónico, lo que ocurra primero, de la adjudicación del proceso de licitación pública. La Junta Revisora de Subastas de la Administración de Servicios Generales deberá determinar si acoge o no la solicitud de revisión administrativa, dentro del término de diez (10) días calendario de haberse presentado la solicitud de revisión administrativa. Si dentro de ese término, la Junta Revisora de la Administración de Servicios Generales determina acoger la misma, tendrá un término de treinta (30) días calendario adicionales para adjudicarla, contados a partir del vencimiento de los diez (10) días calendario que tenía para determinar si la acogía o no. La Junta Revisora de la Administración de Servicios Generales podrá extender el término de treinta (30) días calendario, una sola vez, por un término adicional de quince (15) días calendario.

Si se tomare alguna determinación en la revisión administrativa, el término para instar el recurso de revisión judicial ante

el Tribunal de Apelaciones comenzará a contarse desde la fecha en que se depositó en el correo federal o se notificó por correo electrónico, lo que ocurra primero, copia de la notificación de la decisión de la Junta Revisora de Subastas de la Administración de Servicios Generales adjudicando la solicitud de revisión administrativa. Si la Junta Revisora de Subastas de la Administración de Servicios Generales dejare de tomar alguna acción con relación al recurso de revisión administrativa, dentro de los términos dispuestos en esta Ley, se entenderá que este ha sido rechazado de plano, y a partir de esa fecha comenzará a decursar el término para presentar el recurso de revisión judicial. La presentación del recurso de revisión administrativa ante la Junta Revisora de Subastas de la Administración de Servicios Generales será un requisito jurisdiccional antes de presentar un recurso de revisión judicial ante el Tribunal de Apelaciones.

La parte adversamente afectada tendrá un término jurisdiccional de veinte (20) días calendario para presentar un recurso de revisión judicial ante el Tribunal de Apelaciones, contados a partir del depósito en el correo federal o de remitida la determinación por correo electrónico, lo que ocurra primero, ya sea de la adjudicación de la solicitud de revisión administrativa ante la Junta Revisora de Subastas de la Administración de Servicios Generales, o cuando venza el término que tenía la Junta Revisora de Subastas de la Administración de Servicios Generales para determinar si acogía o no la solicitud de revisión administrativa.

El cumplimiento de las formalidades antes indicadas es de carácter jurisdiccional, por lo que la eficacia de la notificación de adjudicación de subasta o del requerimiento de propuestas quedará supeditada a la fiel concurrencia de estas. *PR Eco Park et al. v. Mun. de Yauco,* supra. Las referidas exigencias responden a que, el derecho de cuestionar una subasta o un requerimiento de propuestas adjudicado mediante un recurso de revisión judicial es parte del debido proceso de ley, razón por la cual se hace indispensable una notificación adecuada. *Íd.* "S[o]lo a partir de la

notificación así requerida es que comenzará a transcurrir el término para acudir en revisión judicial". *PVH Motor v. ASG*, 209 DPR 122, 132 (2022), citando a *IM Winner, Inc. v. Mun. de Guayanilla*, 151 DPR 30, 38 (2000).

Por lo tanto, si las partes no cumplen con lo antes expuesto el recurso que se presente ante un tribunal de mayor jerarquía será prematuro. *PR Eco Park et al. v. Mun. de Yauco*, supra, pág. 538. Así pues, ante una notificación defectuosa, se priva a este Foro de jurisdicción para entender sobre el asunto impugnado. *PVH Motor v. ASG*, supra. De otro lado, hasta tanto no discurra el referido término, el licitador u oferente no podrá formalizar el contrato con la entidad gubernamental. *PR Eco Park et al. v. Mun. de Yauco*, supra, pág. 538.

### III.

Según surge de los autos examinados, el *Aviso de Adjudicación* emitido por el DEPR que se pretende revisar ante nuestro foro, no cumple con los requisitos de notificación que establece nuestra normativa jurídica.

Los recurrentes, en esencia esbozaron que las enmiendas realizadas en la LPAU van dirigidas a procesos ante la Administración de Servicios Generales (ASG), a su vez, que solo aplican a procesos formales o subastas. Por lo que, la ASG, ni su Junta Revisora tienen jurisdicción para atender reconsideración de un RFP. Añadieron, que bajo la OE-2023-030, el DEPR mantiene jurisdicción sobre los procesos competitivos hasta el 31 de diciembre de 2024.

De otra parte, el DEPR plantea que la notificación del *Aviso de Adjudicación* puede considerarse como

defectuosa, puesto que, no es consistente con los términos que dispone la LPAU. Por lo que, entienden deben notificar nuevamente utilizando la "*Guía para la Adjudicación y Contratación de los Servicios Profesionales sufragados con Fondos Federales*", la cual rige los procesos de manera interna, y utilizarán los términos de revisión que dispone la LPAU. Asimismo, indicaron que, aunque los recurrentes mencionaron la Orden Ejecutiva, la cual extendió la vigencia de la Junta de Subasta del DEPR, con el propósito de implementar las disposiciones de la Ley Núm. 73-2019, dicho proceso no ha culminado. Aún así, sostienen que dicho proceso es irrelevante al caso, puesto que, le Ley Núm. 73-2019, no aplica a los procesos como el de autos.

Mientras que, SM, LLC. sostiene que procede la desestimación de los recursos de epígrafe por falta de jurisdicción. Arguye que los recursos fueron presentados en exceso del término jurisdiccional que impone la LPAU para la impugnación de procesos de licitación pública. De otra parte, manifiesta que, si este Foro considera que la notificación del *Aviso de Adjudicación* fue defectuosa, careceríamos de jurisdicción pues el plazo para solicitar una revisión judicial no ha comenzado a transcurrir. Finalmente, solicitan que se deje sin efecto la paralización de los procedimientos sobre la adjudicación emitida por el DEPR.

Según nuestro ordenamiento jurídico, el mecanismo informal de RFP se ha reconocido como alternativa válida a la subasta formal para la adquisición de bienes y servicios en el Gobierno, cuando se trata de bienes o servicios especializados que involucran aspectos

altamente técnicos y complejos, o cuando existen escasos competidores cualificados. Como alternativa a la subasta, la casuística interpretativa nos dice que el RFP está sujeto a los requisitos de notificación y a los procedimientos de reconsideración y revisión judicial dispuestos en la LPAU.

Al revisar el *Aviso de Adjudicación* emitido por el DEPR del cual se recurre, no contiene una notificación adecuada, puesto que, dispone que el término para que el DEPR considere una moción de reconsideración presentada por alguna de las partes, será dentro de diez (10) días laborables. Dependiendo de si el DEPR acoge o no la moción de reconsideración, es que comienza a correr el término para la revisión judicial.

No obstante, cuando el *Aviso de Adjudicación* fue emitido, la Sección 3.19 de la LPAU había sido enmendada, bajo la Ley Núm. 153-2024, *supra*, para corregir unas discrepancias entre el uso de los términos de "días laborables" y "días calendario". Por lo que, el DEPR debió determinar que tendría un término de diez (10) días calendario para determinar si acogía o no una moción de reconsideración. Para que, dependiendo de su decisión, a partir de dicha fecha comenzaría a decursar el término para presentar el recurso de revisión judicial.

Es a partir de la correcta notificación que comienzan a transcurrir los términos de revisión del dictamen ante el foro apelativo que corresponda. Es decir, si no se notifica adecuadamente a una parte en un proceso de un dictamen sujeto a reconsideración o revisión judicial, los términos provistos para ello no comienzan a decursar, careciendo el foro revisor o

apelativo de jurisdicción para atender en los méritos cualquier cuestionamiento del dictamen emitido.

Es sumamente importante que las notificaciones de las determinaciones judiciales y administrativas se realicen conforme a derecho, puesto que, una notificación defectuosa de cualquier resolución, orden o sentencia puede afectar el derecho de una parte a cuestionar el dictamen, enervando así la garantía del debido proceso de ley.

Así las cosas, debido a que el *Aviso de Adjudicación* no fue notificado correctamente a las partes, no se le pueden oponer los términos jurisdiccionales para recurrir de la determinación. Consecuentemente, carecemos de jurisdicción para atender en los méritos los recursos presentados, puesto que, al no ser correctamente notificados resultan ser prematuros.

### IV.

Por los fundamentos antes expuestos, **DESESTIMAMOS** ambos recursos de revisión judicial. Consecuentemente, se devuelve el caso ante la consideración del Departamento de Educación para que emita la debida y correcta notificación.

Lo pronunció y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones