Moisés Velázquez y M.V. Crown Development Corporation, recurrentes, *v.* Administración de Terrenos, recurrida.

*Número:* CC-2000-257        *Resuelto:* 7 de marzo de 2001

---

*Israel Roldán González*, abogado de la parte recurrente; *Ulrich Schewabe Rivera*, abogado de la parte recurrida.

EL JUEZ ASOCIADO SEÑOR REBOLLO LÓPEZ emitió la opinión del Tribunal.

A principios de 1999, la Administración de Terrenos de Puerto Rico (en adelante Administración) anunció que habría de recibir propuestas para la compra y desarrollo de un proyecto de viviendas en el barrio Juan Alonso Arriba en Mayagüez (98-11). Las únicas personas que presentaron propuestas fueron: el Sr. Moisés Velázquez, en representa-

ción de M.V. Crown Development Corp., y el Sr. Héctor Pérez Torres y/o Ark Research.

Mediante notificación de 25 de agosto de 1999, la Administración informó al señor Velázquez que su propuesta había sido rechazada por incumplir con ciertos requisitos procesales establecidos en la solicitud de propuestas, y porque el desarrollo conceptual propuesto no resultaba en el mejor aprovechamiento de la propiedad a ser subastada.(¹)

En cuanto a la propuesta presentada por el señor Pérez Torres, el 2 de septiembre de 1999, éste fue notificado de que, por razón de su incomparecencia a la reunión pre-subasta efectuada el 27 de enero de 1999, su propuesta había sido *descalificada* por la Administración, siéndole devuelto el *sobre sellado* que contenía la propuesta.(²)

Inconforme con la determinación de la Administración, el 7 de septiembre de 1999, el señor Velázquez presentó una solicitud de reconsideración. La misma fue denegada el 17 de septiembre de 1999. Así las cosas, el 27 de septiembre de 1999, el señor Velázquez presentó un recurso de revisión ante el Tribunal de Circuito de Apelaciones, Circuito Regional de San Juan. Por su parte, el 13 de octubre de 1999, *la Administración presentó una moción de desestimación por falta de jurisdicción*; alegó, en síntesis, que el foro apelativo intermedio carecía de jurisdicción por *no* haber Velázquez notificado al señor Pérez Torres la presentación del recurso de revisión, conforme alegadamente requiere el Art. 4.2 de la Ley de Procedimiento Administrativo Uniforme del Estado Libre Asociado de Puerto Rico, Ley Núm. 170 de 12 de agosto de 1988 (3 L.P.R.A. sec. 2172).

---

(¹) En la notificación, la Administración de Terrenos de Puerto Rico (en adelante Administración) señala que se incumplió con los requisitos de firmar la carátula e iniciar los pliegos de la SDP, y hacer el depósito mediante giro o cheque certificado a favor de la Administración.

(²) La solicitud de propuestas establecía, *como requisito para someter propuestas*, la asistencia a una reunión con los proponentes para aclarar dudas y contestar preguntas, la cual fue celebrada el 27 de enero de 1999.

El 14 de octubre de 1999, el señor Velázquez presentó una moción en oposición a la desestimación solicitada, en donde alegó que no era un requisito jurisdiccional notificarle al señor Pérez Torres el recurso de revisión presentado ante el tribunal apelativo, *pues al éste haber sido descalificado, no podía ser considerado como "parte" ni licitador en el procedimiento de subasta.*

Trabada la controversia, el 6 de diciembre de 1999, el Tribunal de Circuito de Apelaciones emitió una resolución ordenando a la Administración "acreditar el conocimiento que se le proveyó o pudo obtener el recurrente, Moisés Velázquez M.V. Crown Development Corp., del nombre y dirección del otro o los otros licitadores participantes en la subasta, para poder enviar a éstos o éstas notificación sobre la presente revisión judicial". Petición, Apéndice, pág. 61.

En cumplimiento con dicha resolución, el 27 de diciembre de 1999, la Administración señaló, en síntesis, que previo al acto de apertura de los sobres de licitación, "el recurrente [señor Velázquez] fue *informado* por el licenciado Cancel, funcionario del Comité de Subastas, de que en adición a su propuesta se había presentado otra; la cual sería *descualificada* por no haber comparecido el proponente a la reunión pre-subasta". (Énfasis en el original suprimido y énfasis suplido.) Petición, ante, pág. 65. Sostuvo, además, la Administración que así lo había reconocido el señor Velázquez en la moción de reconsideración presentada por éste ante la Administración y en el recurso de revisión. Finalmente, señaló la Administración que el nombre y dirección del otro proponente constaban en el expediente administrativo.

El 18 de febrero de 2000, el Tribunal de Circuito de Apelaciones emitió resolución mediante la cual acogió la moción de desestimación presentada por la Administración, procediendo a desestimar el recurso radicado por Velázquez por falta de jurisdicción. Dicho foro sostuvo que se

debió notificar al señor Pérez Torres del recurso de revisión, pues, independientemente de que su propuesta hubiera sido descalificada, éste podría conservar un interés real en el resultado del recurso de revisión presentado, y que, además, su identidad y dirección surgían del expediente administrativo.

Inconforme con el dictamen del Tribunal de Circuito de Apelaciones, el señor Velázquez acudió ante este Tribunal mediante recurso de *certiorari*, alegando que dicho foro erró:

> ... al determinar que la parte apelada [sic] le había provisto al apelante [sic] el nombre y dirección de otros proponentes o licitadores, o en su defecto, que la parte apelante [sic] tuvo oportunidad de obtener dicha información. ...
>
> ... al determinar que el Sr. Héctor Pérez h/n/c Ark Research era una "parte," la cual debía ser notificada conforme a lo dispuesto por el Artículo 4.2 de la Ley Núm. 170 de 12 de agosto de 1988, Ley de Procedimiento Administrativo Uniforme [L.P.A.U.], 3 L.P.R.A. sec. 2172. Petición, ante, págs. 4 y 7.

El 5 de mayo de 2000, expedimos el recurso de *certiorari*. Estando en condiciones de resolver el recurso radicado, procedemos a así hacerlo.

## I

La Ley de Procedimiento Administrativo Uniforme, Ley Núm. 170, ante, 3 L.P.R.A. sec. 2101 *et seq.* (en adelante L.P.A.U.), establece unas reglas aplicables a todos los procedimientos administrativos conducidos ante las agencias que no hayan sido exceptuadas por ley. Véase 3 L.P.R.A. sec. 2103. *En materia de adjudicación de subastas, la Sec. 3.19 de la L.P.A.U., 3 L.P.R.A. sec. 2169, dispone que los procedimientos serán informales y que tanto su reglamentación como sus términos serán establecidos por las agencias.*

A tenor con esta normativa, la Administración aprobó el Reglamento para la Adquisición y Disposición de

Propiedades Inmuebles de la Administración de Terrenos, el cual establece las normas para el trámite, celebración y adjudicación de subastas celebradas por la Administración. Reglamento Núm. 4668, Administración de Terrenos, 27 de marzo de 1992 (en adelante Reglamento).

■ En este sentido, el Reglamento establece un procedimiento para la disposición de las propiedades. En específico, dispone que cuando la Administración decida disponer de una propiedad, publicará una invitación a someter propuestas y desarrollo. Reglamento, Art. XVIII(A). Las personas interesadas en adquirir la propiedad deberán presentar una solicitud de compraventa dentro de determinado plazo. Expirado el plazo, las propuestas presentadas deberán ser referidas al comité de ventas para que éste verifique la elegibilidad del solicitante y recomiende su calificación al Director Ejecutivo. Este, entonces, decidirá la calificación apropiada, *y en caso de calificar a un solicitante como inelegible, le notificará de este hecho, incluyendo los fundamentos para ello.* Además, dicha notificación deberá advertir el derecho del solicitante a solicitar reconsideración y revisión judicial. Reglamento, Arts. XVII(C) y XVIII(A).(³)

---

(³) En cuanto a los términos para solicitar reconsideración y revisión judicial, el Reglamento para la Adquisición y Disposición de Propiedades Inmuebles de la Administración de Terrenos, Reglamento Núm. 4668, Administración de Terrenos, 27 de marzo de 1992 (en adelante Reglamento) dispone lo siguiente:

"El Solicitante que sea calificado inelegible podrá pedir reconsideración de la calificación mediante moción escrita dirigida al Director Ejecutivo, presentada en la Oficina de Archivo y Correo de la Administración dentro de los veinte (20) días a partir de la fecha de envío de la notificación de la calificación. El Director Ejecutivo evaluará la solicitud de reconsideración y notificará su determinación en cuanto a la misma, dentro de los quince (15) días siguientes al recibo del escrito en que se solicite la reconsideración. Si la rechazare de plano o no actuare dentro de los quince (15) días siguientes al recibo del escrito en que se solicite la reconsideración, el término para solicitar revisión judicial comenzará a correr nuevamente desde que se notifique dicha denegatoria o desde que expiren esos quince (15) días, según sea el caso. Si se tomare alguna determinación en su consideración, el término para solicitar revisión empezará a contarse desde la fecha de envió de la notificación de la decisión del Director Ejecutivo, resolviendo definitivamente la moción de reconsideración. De no emitir el Director Ejecutivo su decisión dentro de los noventa (90) días siguientes a la presentación de la moción de reconsideración perderá jurisdicción sobre la misma y el término para solicitar revisión judicial empezará a contarse a partir de la expira-

■ Ahora bien, calificada la propuesta como elegible, la misma se refiere al comité de subastas para que evalúe la propuesta y someta su recomendación al Director Ejecutivo, quien, finalmente, seleccionará a su juicio la mejor propuesta para la compraventa de la propiedad. En el caso que la propuesta no sea conforme a los mejores intereses de la Administración, el Director Ejecutivo podrá optar por no seleccionar la misma. La Administración notificará a cada licitador si su propuesta ha sido o no seleccionada. Reglamento, Art. XVIII(C) y (E).

■ El Reglamento también establece que cualquier licitador afectado adversamente por la decisión de la Administración podrá presentar una moción de reconsideración ante el Comité de Impugnaciones y Apelaciones de Subastas de la Administración y solicitar revisión de la decisión de dicho comité. Señala, además, que tanto las solicitudes de reconsideración como la revisión judicial de las determinaciones de la Administración han de regirse por las disposiciones de la Ley de Procedimiento Administrativo Uniforme, en específico, por las Secs. 3.19 y 4.2 de dicha ley, 3 L.P.R.A. secs. 2169 y 2172. Reglamento, Art. XVIII(E).

■ De igual forma, la Sec. 3.19 de L.P.A.U., ante, reconoce el derecho de la parte adversamente afectada por la adjudicación de una subasta a solicitar reconsideración ante la agencia o la entidad apelativa de subastas, así como el derecho a solicitar revisión judicial de la determinación administrativa dentro de los términos fijados por ley. 3 L.P.R.A. sec. 2169. Véase, además, *Cotto v. Depto. de Educación*, 138 D.P.R. 658 (1995).

De manera que, aunque los procedimientos de subastas son procedimientos informales sui géneris que tienen ciertas características adjudicativas, una vez se ha tomado la decisión administrativa la parte adversamente afectada

---

ción de dicho término, salvo que el tribunal, por justa causa, autorice a la Administración una prórroga por un tiempo razonable. La moción de reconsideración será jurisdiccional para poder solicitar la revisión judicial." Reglamento, Art. XVII(D).

tiene derecho a solicitar la revisión judicial a tenor con el ordenamiento dispuesto por la L.P.A.U. Véase *RBR Const., S.E. v. A.C.*, 149 D.P.R. 836 (1999); *L.P.C. & D., Inc. v. A.C.*, 149 D.P.R. 869 (1999).

■ En cuanto a la solicitud para revisar un procedimiento de subasta, la Sec. 4.2 de la L.P.A.U., ante, establece en su parte pertinente que la misma deberá ser presentada por la parte adversamente afectada ante el Tribunal de Circuito de Apelaciones dentro de un término de diez (10) días a partir del archivo en autos de la notificación de la orden o resolución final de la agencia. Esta misma sección le impone a la parte que acude en revisión *el deber de notificar la presentación de la solicitud de revisión a la agencia y a todas las partes dentro del término para solicitar la revisión.* 3 L.P.R.A. sec. 2172.

■ Igualmente, la Regla 58(B) del Reglamento del Tribunal de Circuito de Apelaciones, 4 L.P.R.A. Ap. XXII-A, dispone, sobre la notificación, que: "La parte recurrente notificará el escrito inicial de revisión a los(las) abogados(as) de récord del trámite administrativo o, en su defecto, a las partes, así como a la agencia o alfuncionario administrativo de cuyo dictamen se recurre, dentro del término para presentar el recurso." 4 L.P.R.A. Ap. XXII-A, R. 58.

Hemos reiterado en numerosas ocasiones que esta notificación a las partes es de *carácter jurisdiccional* y debe hacerse a la agencia y a todas las partes en el procedimiento administrativo *dentro* del término para solicitar la revisión judicial, y que el incumplimiento con lo anterior priva de jurisdicción al tribunal para entender en los méritos del recurso de revisión. *Olmeda Díaz v. Depto. de Justicia,* 143 D.P.R. 596 (1997); *Méndez v. Corp. Quintas San Luis,* 127 D.P.R. 635 (1991).

## II

En el caso ante nos, la parte recurrente sostiene que el señor Pérez Torres no advino a ser "parte" en el procedimiento de subasta, y que, por lo tanto, no era un requisito jurisdiccional la notificación a éste del recurso presentado ante el Tribunal de Circuito de Apelaciones. En específico, arguye que, la incomparecencia del señor Pérez Torres a la reunión presubasta, según requería la solicitud de propuestas, causó que la agencia lo excluyera de todo trámite posterior relacionado con la subasta de la propiedad en cuestión, incluyendo la evaluación de su propuesta por el Comité de Subastas, *situación que impidió que se convirtiera en "parte".*

La parte recurrida aduce que es de aplicación al caso de autos lo resuelto en *Const. I. Meléndez, S.E. v. A.C.,* 146 D.P.R. 743, 749 (1998). Allí resolvimos que todo *licitador infructuoso* en un procedimiento de subasta "comparece ... en igualdad de condiciones y con las mismas expectativas de prevalecer", y que, por lo tanto, es "parte" para efectos del requisito de notificación del recurso de revisión.

La Sec. 1.3(j) de la L.P.A.U., 3 L.P.R.A. sec. 2102(j), ofrece un concepto abarcador de lo que constituye una "parte" en un procedimiento administrativo:

> [T]oda persona o agencia autorizada por ley a quien se dirija específicamente la acción de una agencia o que sea parte en dicha acción, o *que se le permita intervenir o participar en la misma,* o que haya radicado una petición para la revisión o cumplimiento de una orden, o que sea designada como parte en dicho procedimiento. (Énfasis suplido.) 3 L.P.R.A. sec. 2102(j).

Basado en esta definición, en *Const. I. Meléndez, S.E. v. A.C.,* ante, resolvimos que todo *licitador infructuoso* en un procedimiento de subasta "comparece ... en igualdad de condiciones y con las mismas expectativas de prevalecer," *y*

*que, por lo tanto, es "parte" para efectos de la notificación del recurso de revisión.*

Debemos, decidir, en consecuencia, si debido a las circunstancias particulares del caso de autos y al procedimiento particular establecido por el reglamento en controversia, constituye, o no, requisito jurisdiccional notificarle la presentación del recurso a una persona que es "descalificada" de participar en una subasta y cuya propuesta, en consecuencia, *no* es evaluada por la agencia.

No hay duda alguna sobre el hecho de que del expediente y de los escritos presentados por las partes surge que la propuesta presentada por el señor Pérez Torres fue *descalificada* en el procedimiento de calificación de propuesta, *proceso previo al de evaluación de propuestas.* Esto es, al éste no comparecer a la reunión presubasta —requisito establecido en la Solicitud de Propuestas como parte del proceso de calificación— la propuesta presentada por éste no pasó al proceso de evaluación de subasta; *aún más, ni siquiera fue abierto el sobre que contenía la misma.*

██ Dicho de otra forma, al ser Pérez Torres *descalificado,* éste nunca alcanzó el rango o la categoría de "licitador", no teniendo participación alguna en el procedimiento del cual se acudió al Tribunal de Circuito de Apelaciones, es decir, la *impugnación de la evaluación de propuestas* hecha por el comité de subastas.

En vista a lo anteriormente expresado, a nuestro juicio, resulta forzoso concluir que en el caso de autos, el señor Pérez Torres no puede ser considerado como un *"licitador infructuoso"* en la subasta de la propiedad en cuestión, *Const. I. Meléndez, S.A. v. A.C.*, ante, que tenga que ser notificado con copia de un recurso de revisión radicado por una parte en un procedimiento de revisión judicial de una decisión administrativa de esta naturaleza.[4]

---

[4] Entendemos necesario señalar que, el 30 de junio de 2000, la Legislatura de Puerto Rico aprobó la Ley Núm. 111 (3 L.P.R.A. ant. sec. 8001 *et seq.*) con el propósito de uniformar los procesos de la Rama Ejecutiva para la adquisición de bienes, así

Atendido lo anterior, procede dictar sentencia revocatoria de la resolución emitida por el Tribunal de Circuito de Apelaciones en el presente caso.

*Se dictará sentencia de conformidad.*

El Juez Asociado Señor Rivera Pérez disintió sin opinión escrita.

---

como crear un cuerpo revisor de las subastas celebradas por los organismos gubernamentales, denominado Junta Central de Reconsideración de Subastas. Sin embargo, no hay duda de que, por haber sido aprobada con posterioridad a los hechos en el caso de autos y no contener disposición alguna que sugiera su retroactividad, *dicha ley no es aplicable al caso de autos.* Naturalmente, no adelantamos criterio alguno respecto a la interpretación de la referida Ley Núm. 111.