| | | |
|---|---|---|
| Estado Libre Asociado de Puerto Rico<br>TRIBUNAL DE APELACIONES<br>PANEL IX | | |
| DÍAZ PAUNETTO ARQUITECTOS, LLC.<br><br>Recurrente<br><br><br>v.<br><br><br>DEPARTAMENTO DE EDUCACIÓN DE PUERTO RICO<br><br>Recurrido | TA2026RA00087 | *REVISIÓN ADMINISTRATIVA* procedente de la Junta de Subastas del Departamento de Educación de Puerto Rico, Oficina del Subsecretario<br><br>RFP No. INFRA-2025-9-NA-000001<br><br>Sobre: Requerimiento de Solicitud de Propuestas para Ingenieros y Arquitectos |

Panel integrado por su presidenta, la juez Brignoni Mártir, el juez Salgado Schwarz y la juez Aldebol Mora.

Aldebol Mora, Juez Ponente

# SENTENCIA

En San Juan, Puerto Rico, a 24 de marzo de 2026.

Comparece la parte recurrente, Díaz Paunetto Arquitectos, LLC., y solicita la revocación del Aviso de Adjudicación o *Notice of Award,* emitido el 23 de diciembre de 2025, por el Departamento de Educación. Mediante este, excluyó a la parte recurrente de participar en la *Solicitud de Propuestas* de epígrafe, para la contratación de servicios profesionales de evaluación y diseño de medidas de mitigación de sismos, vientos e inundaciones en escuelas públicas.

Por los fundamentos que expondremos a continuación, declaramos No Ha Lugar la *Moción en Auxilio de Jurisdicción* instada por la parte recurrente y revocamos el Aviso de Adjudicación objeto de revisión.

**I**

A los fines de atender los daños causados por los Huracanes Irma y María a su infraestructura, y hacer las escuelas más resilientes a los desastres, el 4 de septiembre de 2025, el Departamento de Educación (DEPR) publicó la Solicitud de Propuesta de epígrafe (en adelante, RFP, por sus siglas en inglés). El objetivo del RFP era la adquisición de Servicios de Arquitectos e Ingenieros bajo el Programa Hazard Mitigation Grant Program (HMGP, por sus siglas en inglés) Proyecto #4339-0323. Mediante este programa, se evaluaría el diseño y reforzamiento estructural de cincuenta (50) escuelas públicas, para mitigar su riesgo sísmico, de viento y de inundación bajo el Programa de Mitigación (Fase 1).[1]

La Sección 6 del RFP estableció el formato y contenido de la propuesta que debía presentar cada proponente. Conforme al RFP, las propuestas debían incluir, como mínimo, la información siguiente: experiencia del proponente (sección 6.2), referencia (sección 6.3), capacidad financiera (sección 6.4), personal propuesto y experiencia (sección 6.5), enfoque propuesto y organización (sección 6.6), entendimiento del proyecto (sección 6.7), enfoque y plan de manejo (sección 6.8) y cualificaciones y experiencia (6.9).[2]

De otra parte, en la Sección 8 del RFP se estableció que la evaluación técnica que los miembros del Comité de Evaluación utilizarían, consideraría los criterios siguientes:

> 8.1.2 Evaluation Criteria - An evaluation committee, comprised of PRDE's members, will review and evaluate technical proposals against the following criteria:
>
> 8.1.2.1 Experience and Strategy in providing services: Does the Proponent understand the Project parameters?
>
> 8.1.2.2 Team Qualification: Do the qualifications of key personnel assigned to the Project coincide with the Project's requirements? Do assigned personnel have all the required education, experience, and professional qualifications? Do assigned personnel have relevant experience complying with Public Policy for Federal and State projects?

---

[1] *Véase* Ap. I de la *Solicitud de Revisión Judicial*, págs. 1-55.
[2] *Véase* Ap. I de la *Solicitud de Revisión Judicial*, págs. 31-35.

8.1.2.3 Proponent References: Are the Proponent's references from past clients and associates favorable, and does the Proponent show financial and operational stability?

8.1.2.4 Relevant A&E Services Experience: Has the Proponent demonstrated that they have successfully completed at least three (3) comparable projects, within the last ten (10) years, per the scope of services, where the Proponent has provided services similar in scope to those required herein?

8.1.2.5 Financial Capability to guarantee negotiated costs and bear expenses above that cost.

8.1.2.6 Inclusion of Small, Minority, and Women-Owned Business Preference: The level, quality, and relevance of participation by registered MBE/WBE businesses.[3]

Como parte del RFP, presentaron propuestas las firmas que se detallan a continuación: Abacus Architecture; Andres Mignucci Arquitectos; Behar-Ybarra and Associates LLC.; Benitez Ramos & Associates LLC.; CSA Architects and Engineers, LLP.; ENCO Group LLC.; Engineered Advantage PSC; Enrique Ruiz & Associates, PSC; Ingenium Professional Group PSC; Integra Design Group PSC; Interdesign Architects; Miyamoto International Puerto Rico, LLC.; Ortiz-Perez PSC; PQC Architectural Studio, LLC.; Practical Engineering Services; ROV Engineering Services, PSC; Share Tech Group Engineering LLC.; Spec Engineering Services Structural Consulting Services, PSC; y Díaz Paunetto Arquitectos, LLC. (DPA o parte recurrente). El 21 de octubre de 2025, DPA presentó su propuesta de modo electrónico.[4]

El Comité de Evaluación estuvo compuesto, entre otros, por su presidente, el Ing. Javier De Jesús Rivera y el Ing. Iván López (ingeniero López). El 1 de diciembre de 2025, el ingeniero López cursó una carta en la que comunicó la existencia de un conflicto de interés con tres (3) de los participantes en el RFP, con los que reconoció que mantenía relaciones contractuales. De forma cónsona, informó que se inhibiría formalmente del proceso de

---

[3] *Véase* Ap. I de la *Solicitud de Revisión Judicial*, págs. 49-50.
[4] *Véase* Ap. II de la *Solicitud de Revisión Judicial*, págs. 56 - 115.

evaluación de las propuestas sometidas.[5] Sin embargo, en la mencionada carta, el ingeniero López reformuló que se abstuvo de evaluar las propuestas de esos tres (3) proponentes, pero reiteró su disponibilidad para evaluar las demás propuestas.[6] A esos fines, el ingeniero López informó lo siguiente:

> Estimados miembros del Comité de Evaluación y a su presidente ingeniero Javier De Jesús Rivera:
>
> Por medio de la presente, **notifico formalmente mi inhibición en el proceso de evaluación de las propuestas sometidas en la subasta PRDE RFPINFRA-2025-9-NA-000001 HMGP Project 4339-0323.**
>
> **La razón de mi inhibición responde a que <u>mi empresa mantiene actualmente relaciones contractuales y de prestación de servicios con las siguientes firmas participantes:</u>**
>
> - **PQC Architectural Studio LLC**
> - **Benítez Ramos & Associates LLC**
> - **Structural Consulting Services, PSC**
>
> En cumplimiento con los principios de transparencia, y ética gubernamental, **me abstuve de participar en la evaluación de dichas compañías para evitar cualquier posible conflicto de interés o apariencia de parcialidad**
>
> Reitero **mi disposición de continuar colaborando en el proceso de evaluación respecto a las demás firmas participantes,** siempre dentro de los parámetros de objetividad y responsabilidad que exige este procedimiento.[7] (Énfasis suplido).

En fin, el ingeniero López <u>no se inhibió formalmente</u> del proceso de evaluación de todas las propuestas. Entiéndase, a pesar de abstenerse de participar en la evaluación de las propuestas de los proponentes con quienes mantiene relaciones contractuales, <u>sí evaluó las propuestas de los demás participantes, en el área técnica y de experiencia.</u> Además, fue quien redactó el Aviso de Adjudicación.[8]

El 23 de diciembre de 2025, el DEPR emitió un Aviso de Adjudicación o *Notice of Award,* en el RFP de epígrafe. Mediante este, el DEPR le notificó a DPA que su propuesta no alcanzó la puntuación

---

[5] *Véase* Ap. V de la *Solicitud de Revisión Judicial*, págs. 134-135; 137.
[6] *Íd.*
[7] *Íd.*
[8] *Véase* Ap. V de la *Solicitud de Revisión Judicial*, pág. 180.

mínima requerida para ser incluida en el listado de los proponentes cualificados, conforme a los criterios de evaluación establecidos en el RFP.[9] En lo pertinente, el Aviso de Adjudicación contiene una breve explicación y fundamento para la adjudicación de la calificación otorgada a los proponentes. Además, incluye una explicación aplicable a los demás proponentes que fueron descalificados por alegado incumplimiento con los requisitos técnicos y de experiencia requeridos en el RFP.[10]

El 9 de enero de 2026, DPA solicitó reconsideración. En síntesis, expuso las razones por las cuales entendía que había cumplido con los requisitos de experiencia y técnicos requeridos en el RFP.[11] El DEPR no consideró la reconsideración.

En desacuerdo, el 3 de marzo de 2026, DPA presentó una *Solicitud de Revisión Judicial* y una *Moción en Auxilio de jurisdicción.* En el recurso de epígrafe, la parte recurrente señala que la Junta de Subastas cometió los siguientes errores:

> Erró y abusó de su discreción la Junta de Subastas y Educación al descalificar a DPA[,] por entender que su propuesta no demostraba ni cumplía con el requisito de experiencia en el diseño de escuelas en proyectos financiados por FEMA y no proveyó suficiente documentación para acreditar que haya trabajado con instalaciones del Departamento de Educación o programas de mitigación comparables, así como identificó brechas en la estrategia técnica para adaptaciones sísmicas, de viento e inundación específicas para escuelas públicas[,] según el RFP-INFRA-2025-9-NA-000001.

> Erró y abusó de su discreción la Junta de Subastas y Educación al permitir que uno de sus miembros, el Ing. Iván López, participara de los procesos de evaluación de los participantes, a pesar de comunicar que tenía conflicto de interés con tres de los participantes agraciados e inhibirse parcialmente del proceso de evaluación objeto del RFP.

En cuanto a la *Moción en Auxilio de Jurisdicción,* DPA nos solicitó la paralización de los procesos de negociación con los participantes seleccionados. En esencia, argumentó que procedía ordenar la paralización, en aras de evitar que el remedio solicitado,

---

[9] *Véase* Ap. III de la *Solicitud de Revisión Judicial,* págs. 116-128.
[10] *Íd.*
[11] *Véase,* Ap. IV de la *Solicitud de Revisión Judicial,* págs. 129-132.

en caso de concederse, pudiera tornar académicos los planteamientos en que se basa el presente recurso.

Tras una evaluación preliminar del recurso, el 4 de marzo de 2026, emitimos y notificamos una *Resolución*. Mediante esta, le concedimos al DEPR hasta el lunes, 9 de marzo de 2026, para expresarse en cuanto al recurso de revisión judicial y a la *Moción en Auxilio de Jurisdicción*.

En cumplimiento de nuestra orden, el 9 de marzo de 2026, el DEPR compareció, por conducto de la Oficina del Procurador General, mediante un *Escrito en Cumplimiento de Orden y Oposición a Moción en Auxilio de Jurisdicción*. En esencia, sostuvo que este Foro no debe sustituir el criterio del DEPR, ni intervenir con un proceso de adjudicación que se llevó a cabo conforme a los parámetros establecidos en el RFP y en la normativa aplicable. De igual forma, arguyó que el expediente administrativo demuestra que el Comité Evaluador consideró la propuesta presentada por DPA, conforme a los criterios establecidos en el RFP.

Asimismo, planteó que la adjudicación respondió a un ejercicio razonable de la discreción que poseen las agencias en este tipo de procedimientos. Además, que el DEPR escogió las propuestas que obtuvieron mayores puntuaciones en el proceso de evaluación. El DEPR consideró que, dentro del contexto informal y flexible de un RFP, los fundamentos en los que se sostiene la determinación recurrida no resultan irrazonables, arbitrarios o caprichosos.

Sobre la *Moción en Auxilio de Jurisdicción*, el DEPR expresó que, a su juicio, no procede la concesión del remedio extraordinario. Ello, debido a que no estamos ante una situación excepcional o de emergencia. Señaló, además, que la parte recurrente no ha sufrido ni sufriría un daño irreparable, sino uno puramente económico.

Finalmente, en lo pertinente al segundo señalamiento de error, el DEPR esbozó que las agencias poseen amplia discreción

para implementar procedimientos informales para la adquisición de servicios profesionales. Debido a ello, considera que, en este RFP, el ingeniero López tomó la medida apropiada de inhibirse de la evaluación de aquellos con quienes tenía conflicto de interés.

El DEPR razonó encontrarse facultado para tomar las medidas necesarias y permitir que uno de sus miembros del Comité de Evaluador se inhibiera, únicamente en cuanto a evaluar las propuestas de los proponentes con conflicto de interés. Asimismo, arguyó que no surge del expediente que las evaluaciones realizadas por el ingeniero López favorecieran o perjudicaran a alguno de los proponentes y que tal aseveración sería especulativa.

Con el beneficio de la comparecencia de ambas partes, procedemos a disponer del recurso ante nos.

## II

### A

El Tribunal Supremo de Puerto Rico ha reiterado "la importancia que reviste para la buena marcha de la cosa pública, que los procesos de adquisición de bienes y servicios del gobierno se lleven a cabo con eficiencia, honestidad y completa probidad". *R & B Power v. E.L.A.,* 170 DPR 606, 619 (2007); *Empresas Toledo v. Junta de Subastas,* 168 DPR 771, 778 (2006); *A.E.E. v. Maxon,* 163 DPR 434, 438-439 (2004). Tanto la subasta pública formal o tradicional, como el requerimiento de propuestas o *request for proposal,* constituyen mecanismos mediante los cuales los gobiernos central y municipal adquieren bienes y servicios. *PR Eco Park et al. v. Mun. de Yauco,* 202 DPR 525, 531 (2019).

Por su parte, el requerimiento de propuestas se caracteriza por su apertura a negociaciones y por ser un procedimiento informal y flexible. *Íd.,* págs. 531-532. Por medio de ambos mecanismos se protegen los intereses del gobierno, debido a que procuran conseguir los precios más económicos, evitan el favoritismo, la corrupción, el

dispendio, la prevaricación, la extravagancia y el descuido al otorgarse los contratos, y minimizar los riesgos de incumplimiento. Véase, *Transp. Sonnell, v. Jta. Subastas ACT*, 214 DPR 633, 649 (2024). Sin embargo, debido a su naturaleza informal y flexible, y la erogación de fondos públicos que implica, se exige que la utilización del *request for proposal* "no se convierta en la norma como un escape a la competencia secreta de la subasta tradicional". *PR Eco Park et al. v. Mun. de Yauco*, supra, pág. 532.

En términos generales, tanto las subastas tradicionales como los requerimientos de propuestas que adjudique una entidad gubernamental están regidos por las disposiciones de la Ley Núm. 38-2017, 3 LPRA sec. 9601 *et seq.*, conocida como *Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico* (LPAU). En fin, aun cuando la subasta formal y el *request for proposal* sean mecanismos distintos, nuestro Tribunal Supremo ha reconocido que un requerimiento de propuestas posee características adjudicativas, de la misma forma que una subasta tradicional. *PR Eco Park et al. v. Mun. de Yauco*, supra, pág. 532, citando a *R & B Power v. E.L.A.*, supra, pág. 624.

Por ejemplo, el Alto Foro ha establecido que, de un *request for proposal*, deben surgir los requerimientos, los términos y las condiciones, así como los factores que se considerarán en la evaluación para la adjudicación de la subasta. *Íd.* En vista de ello, son de clara aplicación los principios generales establecidos en la Sección 3.16 de la Ley Núm. 38-2017, 3 LPRA sec. 9656. En lo pertinente, esta disposición exige que, cuando la agencia concluya un procedimiento adjudicativo en un caso particular, notifique su determinación a las partes, ya sea por escrito, por correo ordinario o electrónico. Además, exige que la notificación incluya los fundamentos para la adjudicación y advertencias sobre el recurso de revisión disponible. *R & B Power v. E.L.A.*, supra, pág. 624;

*Velázquez v. Adm. de Terrenos*, 153 DPR 548 (2001). Por tal razón, los participantes de un *request for proposal* pueden cuestionar, mediante revisión judicial, la adjudicación del requerimiento. *PR Eco Park et al. v. Mun. de Yauco,* supra, págs. 532-533.

**B**

La Ley Núm. 73-2019, conocida como *Ley de la Administración de Servicios Generales para la Centralización de las Compras del Gobierno de Puerto Rico de 2019*, dispone en su Artículo 48 lo siguiente:

> [...]
>
> Ningún miembro de la Junta de Subastas podrá adjudicar asuntos en los cuales tenga algún interés personal directo o indirecto o esté relacionado a cualquiera de las partes solicitantes dentro del cuarto grado de consanguinidad o segundo de afinidad. **En caso de surgir algún conflicto de intereses, el miembro de la Junta de Subastas afectado tendrá inhibirse de todo el proceso de subasta**. Además, le será de aplicabilidad cualquier penalidad, multa o sanción establecida por esta Ley. (Negrillas suplidas).

3 LPRA sec. 9836a.

En lo pertinente, el Artículo 3 de la Ley Núm. 73-2019 dispone lo siguiente:

> Las disposiciones de esta Ley regirán los procesos de compras y subastas de bienes, obras y **servicios no profesionales** en todas las Entidades Gubernamentales y las Entidades Exentas. (Negrillas suplidas).
>
> [...]

3 LPRA sec. 9831b.

**III**

Comenzaremos con la discusión del segundo señalamiento de error formulado por la parte recurrente, debido a que su análisis y discusión dispone del recurso. Mediante este, DPA argumenta que la Junta de Subastas y el DEPR erraron y abusaron de su discreción al permitir que uno de sus miembros, el ingeniero López, participara de los procesos de evaluación de los participantes, a pesar de este comunicar que tenía conflicto de interés con tres (3) de los

participantes agraciados e inhibirse parcialmente del proceso de evaluación objeto del RFP. Tiene razón la parte recurrente.

En esencia, DPA interesa la revocación del Aviso de Adjudicación emitido por el DEPR. Mediante este, la parte recurrente fue descalificada de participar en el RFP. Es su contención que la razón para su exclusión no se sostiene en los documentos presentados. Sobre el particular, arguye que estos demuestran la experiencia técnica relevante que posee en proyectos de diseño de escuelas, financiados por la Federal Emergency Management Agency (FEMA). De igual forma, la parte recurrente sostiene que, de los miembros del Comité Evaluador, el ingeniero López se inhibió parcialmente de los procesos de evaluación, por conflicto de interés con tres (3) de los participantes agraciados. Cuestiona que, a pesar de ello, intervino con los demás licitadores, que le otorgó evaluaciones bajo promedio y, finalmente, redactó el Aviso de Adjudicación.

Sobre estos extremos, es la postura de la parte recurrente que los demás miembros del Comité Evaluador, a cargo de la evaluación técnica, le otorgaron a DPA puntuaciones sobre promedio en los mismos renglones o criterios que el Aviso de Adjudicación establece que adolecía su propuesta. Incluso, señala que fue el ingeniero López quien otorgó las puntuaciones bajo promedio. Finalmente, la parte recurrente razona que, dado el conflicto de interés del ingeniero López, correspondía su inhibición total.

En contraposición, el DEPR sostiene que el expediente administrativo demuestra que la propuesta presentada por DPA fue evaluada por el Comité Evaluador, conforme a los criterios establecidos en el RFP. Al respecto, señala que las propuestas agraciadas eran las más convenientes y se ajustaban mejor a las necesidades particulares de la agencia. Basado en ello, el DEPR

sostiene que escogió las propuestas que resultaron en las mayores puntuaciones en el proceso de evaluación.

Así las cosas, para disponer del segundo señalamiento de error, nos corresponde auscultar si el conflicto de interés del ingeniero López requería su inhibición total, en lugar de parcial, con respecto a la evaluación de todas las propuestas. Nótese que el RFP objeto de controversia versa sobre la compra de servicios profesionales altamente especializados. Ello, ya que envuelve la contratación de entidades que puedan ofrecer servicios de evaluación estructural y diseño de medidas de mitigación para atender riesgos sísmicos, de vientos e inundaciones en escuelas públicas. En consecuencia, somos conscientes de que la Ley Núm. 73-2019 no es aplicable a este proceso.

Aclarado lo anterior, y como cuestión de umbral, debemos enfatizar que, si bien el procedimiento de RFP opera en un contexto informal y con mayor flexibilidad que una subasta formal, ello no justifica eludir principios que son inalienables a la contratación pública. De forma cónsona, estos procesos adjudicativos demandan una evaluación bajo el crisol de la transparencia.

En el caso de autos, la existencia del conflicto de interés no está en controversia, debido a que el ingeniero López así lo reconoció oportunamente, mediante comunicación escrita. Consideramos que, cuando está presente este tipo de conflicto, resulta innecesario que exista alguna disposición que prohíba expresamente la participación del evaluador que lo posea.

En el caso que nos ocupa, el DEPR actuó de forma contraria a derecho al permitirle a un miembro del Comité Evaluador, con un conflicto de interés evidente respecto a tres (3) participantes que resultaron electos, que no se inhibiera de todo el proceso. Tampoco pasa desapercibido el hecho de que fuese precisamente el ingeniero López quien redactó el Aviso de Adjudicación. Consecuentemente,

es forzoso concluir que correspondía su inhibición total del RFP. Estamos convencidos de que, en un caso de conflicto de interés como el que presentó el ingeniero López, la inhibición parcial incide en la transparencia que debe regir la contratación gubernamental. Ello, en la medida que una inhibición parcial no evita ni subsana el conflicto de interés, así como tampoco evita la apariencia de parcialidad. Con estos antecedentes, concluimos que el DEPR incidió al permitir la participación del ingeniero López en el proceso de evaluación de las propuestas que presentaron los licitadores con quienes no tenía conflicto, como miembro del Comité Evaluador.

Así, en cumplimiento con los principios inalienables a la adjudicación en la contratación pública, los cuales requieren de un análisis basado en el crisol de la transparencia, reiteramos que la inhibición del ingeniero López debió ser total y no parcial. Ello, pues, mientras exista pureza en estos procedimientos, se promoverá la libre competencia entre los licitadores. *Puerto Rico Eco Park, Inc. v. Municipio de Yauco,* supra, pág. 531.

Por último, mediante su primer señalamiento de error, DPA expuso que la Junta de Subastas y el DEPR incidieron al descalificarle, basado en que su propuesta no cumplía con el requisito de experiencia en el diseño de escuelas en proyectos financiados por FEMA. Además, en que presuntamente no proveyó suficiente documentación para acreditar que hubiera trabajado con instalaciones del DEPR o con programas de mitigación comparables. Sin embargo, en consideración a la exposición que antecede, no corresponde profundizar al respecto.

Conforme a lo anterior, procede revocar el Aviso de Adjudicación o *Notice of Award* recurrido. Así, corresponde ordenarle al DEPR que constituya un Comité Evaluador, cuyos miembros no tengan conflicto de interés con ninguno de los

proponentes, de modo que pueda ejercer un juicio transparente respecto a la totalidad de las propuestas sometidas.

**IV**

Por los fundamentos anteriormente expuestos, los cuales hacemos formar parte de esta *Sentencia,* se declara No Ha Lugar la *Moción en Auxilio de Jurisdicción* instada por la parte recurrente, Díaz Paunetto Arquitectos, LLC. Asimismo, revocamos el Aviso de Adjudicación o *Notice of Award* emitido el 23 de diciembre de 2025 por el Departamento de Educación. En consecuencia, ordenamos la celebración de un nuevo procedimiento de evaluación de las propuestas sometidas en el RFP de epígrafe. Dicha evaluación de propuestas deberá llevarla a cabo un Comité Evaluador, cuyos miembros no tengan conflicto de interés con ninguno de los licitadores.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

**Notifíquese inmediatamente.**

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones